**Myrna COATES, Relator,**

v.

**The Honorable Mark WHITTINGTON, Judge, Respondent.**

No. C–7314.

Supreme Court of Texas.

Sept. 21, 1988.

Rehearing Denied Nov. 16, 1988.

Charles W. McGarry, Jennifer Judin and Richard N. Countiss, Law Offices of Windle Turley, Dallas, for relator.

Frank Finn and Judy C. Norris, Thompson & Knight, Dallas, for respondent.

SPEARS, Judge.

At issue in this mandamus proceeding is whether a plaintiff who claims mental anguish damages in a personal injury action may be required to submit to a mental examination. In the underlying case, relator Myrna Coates sued Drackett Products Company for injuries she sustained while using Drackett's oven cleaner. She claimed both physical and mental anguish damages, and Drackett alleged that Mrs. Coates had been contributorily negligent. Drackett moved for an order compelling Mrs. Coates to submit to a mental examination pursuant to Rule 167a of the Texas Rules of Civil Procedure. Judge Mark Whittington granted the motion and ordered Mrs. Coates to undergo the examination. The court of appeals denied Mrs. Coates' motion for leave to file petition for writ of mandamus. We hold that the trial court abused its discretion by ordering Mrs. Coates to submit to a mental examination. We therefore conditionally grant relator's petition for writ of mandamus.

Mrs. Coates was injured when she inadvertently sprayed her arm with Drackett's "Mr. Muscle Oven Cleaner" while cleaning her stove top. She suffered severe second degree burns and permanent scarring on her left forearm as a result of the incident. Mrs. Coates brought a products liability action against Drackett, seeking damages for pain and suffering, physical impairment, lost earnings, medical expenses, and mental anguish. In response, Drackett pleaded contributory negligence, misuse, and pre-existing condition. Drackett moved for an order compelling Mrs. Coates to submit to a mental examination pursuant to Rule 167a of the Texas Rules of Civil Procedure, claiming that her mental anguish was pre-existing and may have contributed to the incident with the oven cleaner. The trial judge denied the motion. Drackett then sought a rehearing of its motion, asserting that Mrs. Coates had placed her mental condition "in controversy" by pleading mental anguish damages. Drackett also claimed that there was "good cause" for the mental examination because Mrs. Coates alleged that she experienced "depression and general mental problems at the time she used the oven cleaner." Judge Whittington granted Drackett's motion and ordered that Mrs. Coates submit to a mental examination by a court appointed psychologist. Judge Whittington ordered that the examination address: (1) the relationship of Mrs. Coates' prior problems to the occurrence made the basis of the suit, if any; and (2) the relationship of Mrs. Coates' prior problems to the prayer for mental anguish damages, if any. The court of appeals denied Mrs. Coates' motion for leave to file petition for writ of mandamus.

Rule 167a of the Texas Rules of Civil Procedure provides in pertinent part:

> When the mental ... condition ... of a party ... is *in controversy*, the court in which the action is pending may order the party to submit to a ... mental examination *by a physician* .... The order may be made only on motion *for good cause shown* and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination

and the person or persons by whom it is to be made.

Tex.R.Civ.P. 167a. (Emphasis added.)

■ Judge Whittington ordered Mrs. Coates to undergo a mental examination with a court appointed examining *psychologist*. Rule 167a expressly requires that a mental examination be conducted by a physician. A "physician" is "a practitioner of medicine" who is skilled in medicine and surgery. 42 Tex.Jur. 3d *Healing Arts and Institutions* § 1 (1985); Black's Law Dictionary 1033 (5th ed. 1979); *see also* Tex. Rev.Civ.Stat.Ann. art. 4495b, § 1.01 *et seq.* (Vernon Supp.1988). A psychologist is not a physician. *Cf. Lenhard v. Butler,* 745 S.W.2d 101, 105–06 (Tex.App.—Fort Worth 1988, writ denied). A psychologist, therefore, may not conduct a compulsory mental examination authorized by Rule 167a. The trial judge's order is invalid in this respect.

■ The more significant issue in this case, however, is whether the trial court abused its discretion by ordering Mrs. Coates to undergo a mental examination. Rule 167a was derived from Rule 35 of the Federal Rules of Civil Procedure and largely duplicates the language of the original federal rule.[1] Historical Note, Tex.R.Civ. P. 167a (Vernon 1976); 28 U.S.C.A. Fed.R. Civ.P. 35 (West 1968). Federal courts' construction of Rule 35 is thus helpful to an analysis of Rule 167a. The United States Supreme Court has held that federal Rule 35 requires an affirmative showing that the party's mental condition is genuinely in controversy and that good cause exists for the particular examination. *Schlagenhauf v. Holder,* 379 U.S. 104, 118, 85 S.Ct. 234, 242, 13 L.Ed.2d 152 (1964). In *Schlagenhauf,* the Court expressly stated that these two requirements are not met "by mere conclusory allegations of the pleadings— nor by mere relevance to the case." *Id.* Similarly, Rule 167a, by its express language, places an affirmative burden on the movant to meet a two pronged test: (1) the movant must show that the party's mental condition is "in controversy"; and (2) the movant must demonstrate that there is "good cause" for a compulsory mental examination. In the absence of an affirmative showing of both prongs of the test, a trial court may not order an examination pursuant to Rule 167a.

Drackett maintains that Coates' mental condition is in controversy because she has pleaded for mental anguish damages. In support of its position, Drackett relies on *Schlagenhauf,* 379 U.S. at 119, 85 S.Ct. at 243, where the United States Supreme Court stated:

> A plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

In *Schlagenhauf,* however, the court also warned that sweeping examinations of a party who has not affirmatively put his mental condition in issue may not be routinely ordered simply because the party brings a personal injury action and general negligence is alleged. *Id.* at 121, 85 S.Ct. at 244. Further, federal courts that have applied Rule 35 in light of *Schlagenhauf* have consistently distinguished "mental injury" that warrants a psychiatric evaluation from emotional distress that accompanies personal injury. *Compare Anson v. Fickel,* 110 F.R.D. 184, 186 (N.D.Ind.1986) (mental condition is in controversy when plaintiff claims mental problems that required confinement in a psychiatric hospital) *and Lowe v. Philadelphia Newspapers, Inc.,* 101 F.R.D. 296, 298–99 (E.D.Pa. 1983) (mental condition is in controversy when plaintiff claims severe emotional distress and seeks to prove damages through testimony of psychiatrist) *with Cody v. Marriott Corp.,* 103 F.R.D. 421, 423 (D.Mass.1984) (mental condition is not in controversy when plaintiff claims emotional distress and does not claim a psychiatric disorder requiring psychiatric or psychological counseling).

---

**1.** Fed.R.Civ.P. 35 has been amended to provide for compulsory mental examinations of persons in the custody or under the legal control of a party. Amended Rule 35 retains the requirements that the mental condition be in controversy and that good cause be shown.

In her suit against Drackett, Mrs. Coates asserts that she has suffered the type of emotional distress that typically accompanies a severe second degree burn and permanent scarring. In her deposition, she described her mental anguish as feelings of embarrassment and self-consciousness because the scar is ugly and noticeable in public. She is not alleging a permanent mental injury nor any deep seated emotional disturbance or psychiatric problem. Mrs. Coates' mental anguish claim is, therefore, for the emotional pain, torment, and suffering that a plaintiff who has been burned and scarred would experience in all reasonable probability. *Compare Moore v. Lillebo,* 722 S.W.2d 683, 688 (Tex.1986). Further, the record reflects that Mrs. Coates has not sought any type of psychiatric treatment as a result of the incident and, equally important, does not propose to offer psychiatric or psychological testimony to prove her mental anguish at trial.

To permit Drackett to compel a mental examination because Mrs. Coates has claimed mental anguish damages would open the door to involuntary mental examinations in virtually every personal injury suit. Rule 167a was not intended to authorize sweeping probes into a plaintiff's psychological past simply because the plaintiff has been injured and seeks damages for mental anguish as a result of the injury. Plaintiffs should not be subjected to public revelations of the most personal aspects of their private lives just because they seek compensation for mental anguish associated with an injury.

Drackett also contends that Mrs. Coates' mental condition has been placed in controversy by virtue of its contributory negligence claim. With regard to that claim, it is Mrs. Coates' *conduct* that is in controversy. The jury will be asked to decide whether Mrs. Coates was negligent in her use of the oven cleaner. Whatever mental processes underlay her conduct, it is the nature of that conduct, not the reasons for it, that is in issue. Rule 167a clearly does not contemplate that a plaintiff would be subjected to a probing psychiatric incursion into his or her entire psychological past on the strength of a defendant's contributory negligence claim.

The second requirement of Rule 167a is that the movant show "good cause" for compelling an examination. Drackett maintains that it showed good cause by its reference to Mrs. Coates' pre-existing personal problems which, Drackett asserts, may have caused Coates to injure herself with the oven cleaner. Drackett specifically refers to Mrs. Coates' marital problems, her concerns regarding her son's medical problems, and the fact that she had to take a lower paying job when her original employer re-located. Drackett places significance on the fact that Mrs. Coates had seen a doctor two or three times before the incident with the oven cleaner and had complained of depression and problems eating and sleeping. Drackett further emphasizes that on the day of Mrs. Coates' injury, the examining physician in the hospital emergency room noted in the medical record, "Husband states patient depressed—denies suicidal tendencies." Drackett insists that this notation suggests that Mrs. Coates was suicidal and may have misused the oven cleaner intentionally or with indifference to her welfare.

The "good cause" and "in controversy" requirements of Rule 167a are necessarily related. *See Schlagenhauf,* 379 U.S. at 118–19, 85 S.Ct. at 242–43. Mrs. Coates' prior problems are clearly peripheral to the issues in this case, and, consequently, they are not "in controversy." Drackett, however, attempts to meet the "in controversy" requirement by contending that Mrs. Coates' prior problems affected her mental state at the time she used the oven cleaner and they thus provide "good cause" for compelling a mental examination. Mrs. Coates' prior problems and attendant complaints of depression are distinct from the mental anguish she claims as a result of her injury. Drackett has failed to show any connection or "nexus" between Mrs. Coates' pre-injury depression and her post-injury embarrassment.

It is well settled that a tortfeasor takes a plaintiff as he finds him. *Driess v. Friederick,* 73 Tex. 460, 462, 11 S.W. 493, 494

(1889); *Thompson v. Quarles*, 297 S.W.2d 321, 330 (Tex.App.—Galveston 1956, writ ref'd n.r.e.). Regardless of Coates' personal problems at the time of the incident with the oven cleaner, she is entitled to recover the damages resulting from the incident "conditioned as [she] was at the time of the injury." *Driess*, 73 Tex. at 462, 11 S.W. at 494; *Thompson*, 297 S.W.2d at 330. The fact that Mrs. Coates had personal problems at the time of her injury does not, in itself, relieve Drackett of liability, and does not, absent a showing of some connection to her allegation of mental anguish, provide good cause for compelling a mental examination.

A routine allegation of mental anguish or emotional distress does not place the party's mental condition in controversy. The plaintiff must assert mental injury that exceeds the common emotional reaction to an injury or loss. Assuming it is shown that a party has put his mental condition in controversy, good cause for the compelled examination must also be shown. The "good cause" requirement of Rule 167a recognizes that competing interests come into play when a party's mental or physical condition is implicated in a lawsuit—the party's right of privacy and the movant's right to a fair trial. A balancing of the two interests is thus necessary to determine whether a compulsory examination may properly be ordered.

The requirement of good cause for a compulsory mental examination may be satisfied only when the movant satisfies three elements. First, that an examination is relevant to issues that are genuinely in controversy in the case. It must be shown that the requested examination will produce, or is likely to lead to, evidence of relevance to the case. *See Schlagenhauf*, 379 U.S. at 117–18, 85 S.Ct. at 242–43. Second, a party must show a reasonable nexus between the condition in controversy and the examination sought. Neither of these requirements has been satisfied in this case. The mere pleading of mental anguish is inadequate to establish the necessity of plaintiff's submission to a mental examination. Finally, a movant must demonstrate that it is not possible to obtain the desired information through means that are less intrusive than a compelled examination. *See Schlagenhauf*, 379 U.S. at 118, 85 S.Ct. at 242; *Marroni v. Matey*, 82 F.R.D. 371, 372 (E.D.Pa.1979). The movant must demonstrate that the information sought is required to obtain a fair trial and therefore necessitates intrusion upon the privacy of the person he seeks to have examined. *See Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296, 298 (E.D.Pa.1983). Drackett has made no showing that the information it seeks cannot be obtained by other discovery techniques. Mrs. Coates' privacy interests require, at minimum, that Drackett exhaust less intrusive means of discovery before seeking a compulsory mental examination. If, however, a plaintiff intends to use expert medical testimony to prove his or her alleged mental condition, that condition is placed in controversy and the defendant would have good cause for an examination under Rule 167a.

We hold that the trial judge abused his discretion in ordering Mrs. Coates to undergo a mental examination. We conditionally grant Mrs. Coates' petition for writ of mandamus. The writ will issue only if the trial judge refuses to rescind his order.