**C.W. CROUCH, Jr., Relator,**

v.

**The Honorable David L. GLEASON, Judge, 47th District Court, Potter County, Texas, Respondent.**

No. 07–94–0052–CV.

Court of Appeals of Texas, Amarillo.

April 25, 1994.

Wolfram Law Firm, P.C., Walter P. Wolfram, Sr., Amarillo, for relator.

Mullin, Hoard & Brown, L.L.P., Steven L. Hoard, and John G. Turner, Amarillo, for real party in interest.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

In this original mandamus proceeding, C.W. Crouch, Jr., relator, asks this court to direct Judge David L. Gleason of the 47th District Court in Potter County to rescind his order commanding relator to submit to a mental examination. We will deny relator's motion for leave to file petition for writ of mandamus.

This proceeding arises out of a lawsuit brought by relator against Bradley Klein, the real party in interest, for breach of contract and breach of fiduciary duty. Relator sought damages for mental anguish under his breach of fiduciary duty theory. Subsequently, Klein filed a motion to compel the mental examination of relator. After a hearing on Klein's motion, the trial court ordered relator to submit to a mental examination on February 25, 1994. Relator then filed a motion for leave to file petition for writ of mandamus as well as a motion for emergency stay pending consideration of petition for mandamus. We granted relator's motion for an emergency stay of Judge Gleason's order. We now address relator's motion for leave to file petition for writ of mandamus.

The Texas Supreme Court has declared that in discovery matters such as the instant controversy, mandamus is available to correct a clear abuse of discretion. *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex.1984, orig. proceeding). A trial court "abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985, orig. proceeding). For reasons which we will express below, we find that the trial court's order requiring relator to undergo a psychiatric examination was neither arbitrary nor unreasonable. The trial court's order was, therefore, not a clear and prejudicial error of law. The trial court did not abuse its discretion.

Before a court may order a party to submit to a mental examination, the movant for such an examination must show (1) that the party's mental condition is "in controversy" and (2) that there is "good cause" for a compulsory mental examination. *Coates v. Whittington*, 758 S.W.2d 749, 751 (Tex.1988); *see also* Tex.R.Civ.P. 167a. We will first address the issue of whether relator's mental condition is in controversy.

Relator argues that even though he is seeking to recover damages for mental anguish, his mental condition is not in controversy. He relies chiefly on *Coates v. Whittington*, 758 S.W.2d 749 (Tex.1988), and *Midkiff v. Shaver*, 788 S.W.2d 399 (Tex.App.— Amarillo 1990, no writ). Both cases make it clear that a routine allegation of mental anguish does not place the party's mental condition in controversy in the absence of an assertion of mental injury that exceeds the common emotional reaction to an injury or loss. *Coates v. Whittington*, 758 S.W.2d at 753; *Midkiff v. Shaver*, 788 S.W.2d at 402.

In this case, however, relator has done more than simply plead for mental anguish damages. In his original petition, wherein he claimed breach of fiduciary duty, relator made the following allegations:

The Defendant [Bradley Klein] is a licensed professional counselor. In his professional capacity he began to treat the Plaintiff for depression and certain adjustment of attitudes and during this treat-

ment process, the Defendant discovered certain personality traits of the Plaintiff which were deleterious to the Plaintiff's business acumen. Armed with this special information obtained through a fiduciary relationship, and obtained as a result of a contractual relationship out of which the duty of good faith and fair dealing arose, the Defendant exploited this special information, induced the Plaintiff into a business transaction that he would not otherwise have entered into and literally bilked the Plaintiff out of many thousands of dollars.

Relator went on to allege that Klein's conduct caused him (relator) to experience "a great deal of mental anguish and pain."

At the hearing on Klein's motion to compel relator to submit to a mental examination, relator referred to two specific mental problems or weaknesses. Relator's first mental problem or weakness was his need to help single mothers experiencing financial hardships. His second mental problem or weakness was his "guilt feelings for when people have problems." Relator claimed that Klein used his knowledge of these problems to manipulate him and induce him to sink money into a race car building venture.

The record before us does not indicate that there is necessarily any nexus between relator's mental problems or weaknesses and the mental anguish he allegedly experienced. However, because relator charges that Klein exploited his mental weaknesses, we find that relator has put his mental condition "in controversy." Given such charges, relator's mental condition would be in controversy even in the absence of relator's claim for mental anguish damages.

We also find that there is good cause for the trial court to have ordered relator to submit to a mental examination. In our view, Klein, as movant for such an examination, has satisfied the three elements necessary to show good cause as set forth in *Coates v. Whittington*, 758 S.W.2d at 753.

Relator's motion for leave to file petition for writ of mandamus is denied.