NUMBER 13-00-695-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


IN RE: SAN JUANA CABALLERO


___________________________________________________________________


On Petition for Writ of Mandamus


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey



 In this mandamus action, San Juana Caballero, Petitioner, seeks
to set aside a trial court's order compelling her to submit to a
gynecological examination. We hold that the trial court abused its
discretion in ordering the petitioner to submit to such an examination,
and conditionally grant the writ of mandamus.

 San Juana Caballero brought suit against J.C. Penney Company,
Payless Shoe Stores and IPC International for injuries she sustained as
a result of being falsely accused of shoplifting from the J.C. Penney's
store at Amigoland Mall in Brownsville, Texas. One of her claims was
that the mental anguish resulting from this event caused her to begin
to bleed vaginally. The bleeding continued for some time until she
eventually underwent a hysterectomy. 

 On November 2, 2000, the trial court ordered Caballero to submit
to a gynecological examination requested by the defendants. She
petitioned this court for mandamus relief from this order.

 The law is well settled that mandamus relief is available only to
correct a clear abuse of discretion when there is no other adequate
remedy at law. In re Alcatel USA, Inc., 11 S.W.3d 173, 175 (Tex. 2000);
see Walker v. Packer, 827 S.W.2d 833, 839-44 (Tex. 1992). A party
does not have an adequate remedy by appeal when an appellate court
cannot cure the trial court's erroneous discovery order. Walker, 827
S.W.2d at 843. A trial court abuses its discretion when it acts
arbitrarily and unreasonably, without reference to guiding rules or
principles, or misapplies the law to the established facts of the case. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985).

 Texas Rule of Civil Procedure 204.1(c) states that a court may
issue an order compelling a party to submit to a physical or mental
examination "only for good cause and only . . . when the . . . condition
. . . is in controversy." Tex. R. Civ. P. 204.1(c) (formerly Tex. R. Civ. P.
167a). "[C]ourts have demonstrated a reluctance to allow such
examinations without a discriminating application by the district court
of the limitations prescribed by the rule." Williams v. Sanderson, 904
S.W.2d 212, 215 (Tex. App.--Beaumont 1995, no pet.); see also Spear
v. Gayle, 857 S.W.2d 122, 125-126 (Tex. App.--Houston [1st Dist.]
1993, no writ).

 In Coates v. Whittington, the Texas Supreme Court set forth a test
for when the trial court may compel a party to undergo a mental
examination. Coates, 758 S.W.2d 749, 751 (Tex. 1988). The court
stated that the rule "places an affirmative burden on the movant to
meet a two-pronged test: (1) the movant must show that the party's
mental condition is 'in controversy'; and (2) the movant must
demonstrate that there is 'good cause' for a compulsory mental
examination." Id. "In the absence of an affirmative showing of both
prongs of the test, a trial court may not order an examination." Id. The
court also stated that "the movant must demonstrate that the
information sought is required to obtain a fair trial and therefore
necessitates intrusion upon the privacy of the person he seeks to have
examined." Id.

 While the rule has seldom been litigated with regard to physical,
as opposed to mental examinations, at least in the context of an
examination as invasive as a gynecological examination, the same
standard for "good cause" should apply. Under Coates, "good cause"
requires an affirmative showing of three components: (1) that an
examination is relevant to issues that are genuinely in controversy in the
case; (2) that a reasonable nexus exists between the condition in
controversy and the examination sought; and (3) that it is not possible
to obtain the desired information through means that are less intrusive
than a compelled examination. Coates, 758 S.W.2d at 753. Here, the
movants made no attempt to show that it is not possible to obtain the
desired information through less intrusive means. They have not
deposed the plaintiff's doctors, nor have they attempted to obtain
copies of Caballero's medical records. Additionally, movants did not
produce any evidence regarding why this particular examination is
"relevant to issues that are genuinely in controversy" in that they are
unable to articulate why an examination such as this would shed any
light on the bleeding condition that existed prior to the hysterectomy. 
Without making some affirmative showing on each prong of the Coates
"good cause" test, we hold that a trial court abuses its discretion in
ordering a party to submit to a gynecological examination.

 Because the movants failed to make the requisite showing, we
conditionally grant the petition for writ of mandamus. The trial court is
directed to vacate its November 2nd order compelling Caballero to
submit to a gynecological examination. The writ will issue only in the
event that respondent fails to comply.


 ______________________________

 J. BONNER DORSEY,

 Justice


Publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 21st day of December, 2000.