Opinion issued December 6, 2007









     

In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00747-CV




IN RE MICHAEL MEDINA, OSCAR ALANIS, JOSE R. ARELLANO,
MIGUEL ARENAZAS, MARCO AREVALO, FELIX BELTRE, JORGE M.
BENITEZ, FABIAN DE LA CERDA, DEMETRIO DIAZ, DECEASED,
ODICEO DIAZ, ELVIS ESCOBAR, DAVID ESPARZA, ANDRES FLORES,
JOSE FUENTES, JULIAN FUENTES, FRANKLIN GARCIA, ARCADIO
GOMEZ, JOSE L. GONZALEZ, JUAN C. GONZALEZ, JULIO GUERRA,
ANTONIO HEREDIA, GUILLERMO HERNANDEZ, ADRIAN HINOJOSA,
JAIME JIMENEZ, MARTIN JUAREZ, JESUS M. LOPEZ, RODOLFO
LOPEZ, AURELIO MARQUEZ, JUAN M. MARTINEZ, MARIO A.
MARTINEZ, JOSE MORALES, MIGUEL A. MORALES, SALVADOR
MORALES, ALEXANDER NATION, PEDRO NAVAR, MARTIN
OLIVARES, FREDDY ORTEGA, JUAN CARLOS ORTIZ, JOSE PADILLA,
ALONZO PEREZ, FERMIN PEREZ, MARTIN PEREZ, RAUL RIOS,
WILFREDO C. RIVAS, JUAN ANTONIO RIVERA, ROBERT RIVERA, III,
ERNESTO RODRIGUEZ, TOMAS RODRIGUEZ, JAVIER ROJAS, JOSE
MARTIN SALINAS, MIGUEL A. SALINAS, ABEL SANCHEZ, BERNABE
VASQUEZ, AND JESUS VILLARREAL, Relators




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION

          By petition for writ of mandamus, relators (“the Medina Plaintiffs”) challenge
the trial court’s order authorizing independent medical examinations (“IME”) to assess
physical and mental injuries of the 55 Medina Plaintiffs.


 We deny in part and grant
in part. 
Background
          The Medina Plaintiffs are workers who suffered personal injuries from the
British Petroleum Texas City Refinery (“B.P.”) explosion on March 23, 2005. 
Ammons represented the Medina Plaintiffs in their suit against B.P. and negotiated a
settlement on their behalf. The Medina Plaintiffs later filed a legal malpractice suit
against Ammons alleging, among other things, negligence and breach of fiduciary
duty.
          Ammons filed a Motion for Independent Medical and Psychological
Examinations for all 55 of the Medina Plaintiffs. The trial court granted this Motion,
and also ruled that no representatives of the Medina Plaintiffs could attend the
examinations or videotape or audiotape the examinations. 
Standard of Review
          Mandamus relief is available only to correct a clear abuse of discretion when
there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding). A court clearly abuses its discretion when it reaches a
decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error
of law. Id.IMEs
          The Medina Plaintiffs allege that the requirements for obtaining the IMEs had
not been satisfied and the global order for all 55 of them was inappropriate. See Tex.
R. Civ. P. 204.1. Ammons, however, contends that IMEs are appropriate because a
legal malpractice case is actually a “suit-within-a-suit.” Specifically, Ammons argues
that, because the common claim of the Medina Plaintiffs’ is that they should have
received more money for their personal injury suit against B.P., Ammons should be
permitted to conduct IMEs to help determine the legitimacy of the claims. Ammons
alleges that the examinations are appropriate because the Medina Plaintiffs have
claimed that Ammons settled the case before their future medical care was resolved. 
Moreover, Ammons asserts that the psychological examinations were necessary
because the Medina Plaintiffs collectively have asserted post-traumatic stress disorder.
The Law
          IMEs are regulated under Texas Rule of Civil Procedure 204.1, which provides
in relevant part:
(c)     Requirements for Obtaining Order. The court may issue an order
for examination only for good cause shown and only in the
following circumstances:
 
                   (1)      when the mental or physical condition (including
the blood group) of a party, or of a person in the
custody, conservatorship or under the legal control
of a party, is in controversy; or 
 
                   (2)      except as provided in Rule 204.4, an examination
by a psychologist may be ordered when the party
responding to the motion has designated a
psychologist as a testifying expert or has disclosed
a psychologist’s records for possible use at trial.
 
Tex. R. Civ. P. 204.1.(c). Accordingly, good cause must be shown for issuance of
the exams. Additionally, the mental or physical condition of the party must be in
controversy or the party responding to the motion must have designated a
psychologist as a testifying expert or disclosed a psychologist’s records for possible
use at trial. Good cause is shown when (1) the examination is relevant to issues in
the case and that the examination will produce, or is likely to lead to, relevant
evidence; (2) there is a reasonable nexus between the condition of the person to be
examined and the examination sought; and (3) it is impossible to obtain the desired
information through means that are less intrusive than a compelled examination. 
Coates v. Whittington, 758 S.W.2d 749, 753 (Tex. 1988).
          The “in controversy” requirement varies according to whether physical or
mental IMEs are at issue. Physical injuries have been held to be in controversy when
a party (1) places the condition into controversy by employing it either in support of,
or in defense of, a claim or (2) a party affirmatively shows that the condition is in
controversy. Williams v. Sanderson, 904 S.W.2d 212, 214–15 (Tex.
App.—Beaumont 1995, no writ). Mental IMEs are subject to a more rigorous
standard due to their sensitive nature. As noted in Coates, “Plaintiffs should not be
subjected to public revelations of the most personal aspects of their private lives just
because they seek compensation for mental anguish associated with an injury.” 
Coates, 758 S.W.2d at 752. Accordingly, routine allegations of mental anguish or
emotional distress accompanying physical injury do not place mental condition “in
controversy.” Id. at 753. To obtain an IME, the plaintiff must claim a mental injury
exceeding the common emotional reaction to an injury or loss. Id. Analysis 
          In their Ninth Amended Petition, the Medina Plaintiffs allege that the
settlements were undertaken “during a time when many of the plaintiffs had not
reached maximum medical recovery, nor had the status of their future medical care
been resolved.” Moreover, the Medina Plaintiffs assert various allegations that
necessarily place their physical status in issue. For example, Demetrio Diaz claims
that Ammons did not fully investigate and assess his individual claim. Oscar Alanis
alleges that Ammons improperly interjected himself in Alanis’s medical care and
treatment by urging neck surgery to increase the value of his case. Jose R. Arellano
claims that Ammons told him that further surgery would not affect the value of his
case. 
          In the Medina Plaintiffs’ case against Ammons, physical IMEs will likely
reveal relevant evidence because the present physical condition of the 55 plaintiffs
will help determine the legitimacy of their claims. Furthermore, there is a reasonable
nexus between the condition of the person to be examined and the examination
sought based on the Medina Plaintiffs’ suit-within-a-suit claim that they should have
obtained more money from B.P. than what they procured in settlement. It is
impossible to obtain the desired information through means that are less intrusive
than a compelled examination. The Medina Plaintiffs have put their physical
condition in issue in their Ninth Amended Original Petition. Accordingly, physical
IMEs were properly issued.
          In contrast, some of the Medina Plaintiffs allege severe mental injury
warranting an IME and others do not. Ammons attempts to persuade the Court that
psychological IMEs are justified because the Medina Plaintiffs designated
psychological experts and collectively asserted post-traumatic stress disorder. In fact,
the Medina Plaintiffs did not designate experts and did not collectively assert post-traumatic stress disorder. 
          With respect to the expert designation, the Medina Plaintiffs responded to
Request for Disclosure 194.2(f) with the following: 
Plaintiffs, of course, designate themselves and the witnesses identified
as individuals having knowledge of relevant facts who may be offering
expert testimony in their area of knowledge. Plaintiffs will supplement
pursuant to the Texas Rules of Civil Procedure and/or any Scheduling
Orders entered in this case.
 
This information is not responsive to Rule 194.2(f), which demands the subject matter
on which the expert will testify and the general substance of the expert’s mental
impressions and opinions and basis for them. Moreover, the referenced list of
“witnesses identified as individuals having knowledge of relevant facts” does not
supply this information. 
          In the suit at bar, the Medina Plaintiffs are not all claiming post-traumatic stress
disorder. Post-traumatic stress disorder justifies a psychological IME because it is the
type of mental injury exceeding the common emotional reaction to an injury that was
contemplated in Coates. See Coates, 758 S.W.2d at 752. Only a portion of the 55
Medina plaintiffs are asserting post-traumatic stress disorder. Ammons contends,
however, in the underlying suit against B.P., there was a collective claim for post-traumatic stress disorder in the settlement letter. Ammons has not included this letter
in the appellate record. 
          Ammons notes that the Medina Plaintiffs’ responses to interrogatories reference 
“depression” and “anxiety.” Ammons then cites Coates to support his contention that 
depression and anxiety are “mental injuries above and beyond any emotional distress
that accompanies personal injury.” Id. In fact, “anxiety” is never mentioned in Coates
and “depression” is not necessarily imbued with IME-triggering status. However,
Coates articulates a standard by which depression and other mental disturbances can
be assessed with regard to issuance of an IME. Coates, 758 S.W.2d at 753. 
          If the depression felt by the Medina Plaintiffs is the standard sort that, in all
probability, a person would feel if he were injured by, and lost friends in, an
explosion, no psychological IME is warranted. See id. at 752. However, if the
depression exceeds common emotional reaction, is severe, and requires treatment by
a professional, an IME is justified. See id. at 752–53. In the case at hand, it is
impossible for this Court, based on the record provided, to determine which of the 55
Medina Plaintiffs assert mental injury to warrant psychological IMEs. 
          Under the standard promulgated in Texas Rule of Civil Procedure 204.1,
psychological IMEs are appropriate for some and inappropriate for some of the
Medina Plaintiffs. The Medina Plaintiffs explicitly state that only a portion of them 
will assert deep-seated mental injury. Because no experts have been designated by the
Medina Plaintiffs, Rule 204.1(c)(2) cannot justify IME issuance. Therefore, the
propriety of psychological IMEs for the individual 55 Medina Plaintiffs can only be
determined after a showing of (1) good cause and (2) mental condition in controversy. 
Based on the record before us, there is no evidence that any of the Medina Plaintiffs
have placed their mental condition in controversy.
 
 
 
 
 
 
 
 
 
 
 
 
Conclusion
We hold that the trial court did not abuse its discretion by ordering physical 
IMEs for all of the Medina Plaintiffs. However, because the evidence before the
district court showed that not all of the plaintiffs are asserting mental injury beyond
the distress normally accompanying physical injury, the district court abused its
discretion in granting a global IME to assess psychological health. We conditionally
grant the petition for writ of mandamus for the portion of the Order granting IMEs for
psychological health. The writ will issue only if the trial judge refuses to rescind the
portion of the Order granting IMEs for psychological health. 
 
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Taft, Hanks, and Higley.