**Motion for Rehearing Denied; Memorandum Opinion of December 10, 2013 Withdrawn; Petition for Writ of Mandamus Denied; and Substitute Memorandum Opinion filed January 9, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00877-CV

## IN RE BELL HOT SHOT COMPANY AND MELVIN WAYNE BALL, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-39439**

---

## SUBSTITUTE MEMORANDUM OPINION

We issued an opinion in this case on December 10, 2013, denying a petition for writ of mandamus. Relators Bell Hot Shot Company and Melvin Wayne Ball subsequently filed a motion for rehearing. Without changing our previous disposition, we deny the motion for rehearing, withdraw our earlier opinion, and issue this substitute opinion.

# BACKGROUND

Tim York, the real party in interest, sued the relators for personal injuries allegedly sustained in an automobile accident. Since the collision, York has complained of cognitive issues affecting his memory, concentration, and other mental functions. He also has reported having multiple symptoms of depression.

To develop his claim for past and future medical expenses, York submitted to an evaluation by Doctor John W. Largen, a neuropsychologist. Doctor Largen performed a series of tests and found that York's test scores were "not consistent with organic brain impairment." Doctor Largen concluded that York "did not likely sustain organic brain injury" from his recent automobile accident, and that York's reported cognitive symptoms "are likely due to other factors such as pain, fatigue, and generalized distress."

The data and report from Doctor Largen's evaluation were reviewed by Doctor Francisco I. Perez, a clinical psychologist retained by the relators. Doctor Perez filed an affidavit in which he agreed with Doctor Largen's conclusions, testifying that York demonstrated "no evidence of a cognitive impairment in need of brain injury rehabilitation."

Despite having the opinions from both Doctor Largen and Doctor Perez, the relators filed a motion to submit York to another psychological evaluation, asserting that additional "testing is necessary in order to validate or dispute [York's] mental allegations." The trial court denied the motion in a written order dated August 29, 2013. In their petition for writ of mandamus, the relators ask that we compel the trial judge to vacate this order and grant their motion for independent psychological evaluation.

# ANALYSIS

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and there is no adequate remedy by appeal. *See In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). On mandamus review of factual issues, a trial court will be held to have abused its discretion only if the relator establishes that the trial court could have reached but one decision, and not the decision it made. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus review of legal issues is not deferential. A trial court abuses its discretion if it clearly fails to analyze the law correctly or apply the law to the facts of the case. *See In re Cerberus Capital Mgmt.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

Under Rule 204.1, a party may move for an order compelling another party to submit to a physical or mental examination by a qualified physician or psychologist. *See* Tex. R. Civ. P. 204.1(a)(1). To obtain a court order for a mental examination pursuant to this rule, the moving party must show good cause and either (1) that the mental condition of a party is in controversy, or (2) that the responding party has designated a psychologist as a testifying expert or disclosed a psychologist's records for potential use at trial. *See* Tex. R. Civ. P. 204.1(c). York does not dispute that his mental condition is in controversy. Therefore, we need only consider whether good cause was shown for the independent examination.

Good cause requires a balancing of the competing interests of the party's right of privacy and the movant's right to a fair trial. *See Coates v. Whittington*, 758 S.W.2d 749, 753 (Tex. 1988) (addressing predecessor to Rule 204). This requirement may be satisfied only when the movant satisfies the following three elements. First, the examination must be relevant to issues that are genuinely in

controversy in the case. *Id.* Second, there must be a reasonable nexus between the condition in controversy and the examination sought. *Id.* Finally, there must be no less intrusive means to obtaining the desired information than through a compelled examination. *Id.*

The third element is the main issue in this mandamus proceeding. The relators contend that there is no valid alternative to a second examination. But, Doctor Largen's report already undermines York's claim that he suffers from mental injuries, and the relators' own expert, Doctor Perez, has reached the same conclusion that there is no evidence of organic brain impairment. The trial court did not abuse its discretion by determining that the relators have not shown good cause for an independent psychological evaluation. *Compare Sherwood Lane Assocs. v. O'Neill*, 782 S.W.2d 942, 945 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) (evaluation warranted where the "trial court's action severely restrict[ed] relators' opportunity to discover facts that may contradict the opinions of the minor's expert witnesses"), *with In re Thuesen*, No. 14-13-00174-CV, 2013 WL 1461790, at *3 (Tex. App.—Houston [14th Dist.] Apr. 11, 2013, orig. proceeding) (trial court did not abuse its discretion by denying motion where relator failed to establish that discovery from the identified medical professional was insufficient).

## CONCLUSION

Because the relators have not established that the trial court clearly abused its discretion, we deny the petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.