

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00553-CV

**IN RE** Ruben **GONZALEZ**

Original Mandamus Proceeding[1]

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
       Rebeca C. Martinez, Justice
       Jason Pulliam, Justice

Delivered and Filed:  October 7, 2015

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On September 4, 2015, relator Ruben Gonzalez filed a petition for writ of mandamus, complaining of the trial court's order requiring him to undergo a medical examination requested by the real parties in interest in the underlying personal injury lawsuit. *See* TEX. R. CIV. P. 204. We conclude the trial court abused its discretion in ordering the medical examination. *See Coates v. Whittington*, 758 S.W.2d 749, 753 (Tex. 1988) (orig. proceeding). Therefore, we conditionally grant the petition for writ of mandamus.

## BACKGROUND

In February 2013, Gonzalez was involved in a multi-vehicle accident in La Salle County, Texas. Abel Casillas was driving a truck owned by Premier Eagle Ford Services, Inc. and turned

---

[1] This proceeding arises out of Cause No. 2013-CVT-000742-D2, styled *Martin Garcia Jr. v. Ruben Gonzalez; Vision Construction Company, Inc.; Abel Alvarado Casillas; and Premier Eagle Ford Services, Inc.*, pending in the 111th Judicial District Court, Webb County, Texas, the Honorable Monica Z. Notzon presiding.

in front of Gonzalez's vehicle. Gonzalez veered to his right and struck a third vehicle driven by Martin Garcia Jr. Garcia filed a personal injury lawsuit against Gonzalez, Casillas, Premier Eagle Ford Services, and Vision Construction Company in May 2013.[1] Gonzalez filed a cross-claim against Casillas and Premier, seeking to recover damages for his own mental and physical injuries allegedly sustained as a result of the accident.

One of Gonzalez's treating physicians, Dr. Gerardo Zavala, recommended that Gonzalez undergo a surgical procedure to remove four cervical discs and fuse the vertebrae together. Dr. Zavala was deposed in February 2015 by Casillas and Premier regarding his past treatment of Gonzalez and his recommendation for the four-disc surgery. In March 2015, Casillas and Premier filed a motion requesting a medical examination of Gonzalez, which the trial court denied.

At some point, Gonzalez obtained a second opinion regarding his recommended course of treatment from another physician, Dr. Alejandro Betancourt, who had not yet been disclosed to the other parties as a testifying expert or potential fact witness. Dr. Betancourt recommended that Gonzalez have a single-disc replacement surgery. In May 2015, Gonzalez's lawyer advised opposing counsel in an e-mail that Gonzalez was, "going to move forward with surgery," but did not disclose the nature of the surgery being performed, or identify the physician who would be completing it. Dr. Betancourt performed a single-disc replacement surgery on Gonzalez in July 2015.

Casillas and Premier filed a renewed motion seeking to conduct a medical examination of Gonzalez on July 22, 2015. After the real parties in interest filed their renewed motion, Gonzalez filed supplemental responses to requests for disclosure identifying Dr. Betancourt as a person with knowledge of relevant facts, and the physician who had performed Gonzalez's surgery.

---

[1] Plaintiff Martin Garcia Jr. and defendant Vision Construction Company, Inc. are not parties to this original proceeding.

After a hearing on the renewed motion for examination, the trial court ordered Gonzalez to undergo the requested medical examination, which was scheduled to take place on September 9, 2015, in San Antonio, Texas, with Dr. Gilbert Meadows, the physician retained by Casillas and Premier. Gonzalez then filed this original proceeding complaining that the trial court abused its discretion in ordering the medical examination, and that he would be unable to remedy the alleged error by ordinary appeal. We ordered a stay of the scheduled medical examination and requested a response to the mandamus petition.

## ANALYSIS

The Texas Rules of Civil Procedure provide that a trial court may issue an order requiring a party to submit to a physical or mental examination upon a showing of good cause, when the mental or physical condition of the party is in controversy. TEX. R. CIV. P. 204.1(c). "In the absence of an affirmative showing of both prongs of the test, a trial court may not order an examination." *Coates*, 758 S.W.2d at 751. Texas courts have further defined the good cause element to emphasize the balance between the competing interests of one party's right to privacy versus another's right to a fair trial. *See In re Ten Hagen Excavating, Inc*., 435 S.W.3d 859, 867 (Tex. App.—Dallas 2014, orig. proceeding). To establish good cause for a medical examination, the requesting party must show that: (1) the requested examination is relevant to issues in controversy in the case; (2) a reasonable nexus exists between the condition in controversy and the examination sought; and (3) the desired information may not otherwise be obtained through other, less intrusive means of discovery short of a compelled examination. *See Coates*, 758 S.W.2d at 753.

There is no dispute in this case that the requested examination is relevant to issues in controversy, and that a reasonable nexus exists between the examination and Gonzalez's alleged physical condition, which is in controversy as a result of Gonzalez's cross-claim. The only aspect of the good cause requirement at issue in this proceeding is the third element. This element requires

the requesting party to establish that it is not possible to obtain the information sought by less intrusive means and that, absent the requested examination, the relator will not be able to obtain a fair trial. *Ten Hagen Excavating*, 435 S.W.3d at 869.

Based on the mandamus record provided in this proceeding, we conclude that the real parties in interest did not establish good cause for the compelled medical examination. The real parties presented an affidavit from their expert, Dr. Gilbert Meadows, in support of the examination. Dr. Meadows testified, "I would strongly recommend that Mr. Gonzalez undergo an independent medical examination before he undergoes a four level cervical fusion." He also suggests that such an independent medical examination should include:

> Review of all pertinent documents; review of all X-rays and imaging; receive the patient's history and have him fill out a history form and pain diagram; perform a physical examination of the involved anatomical areas, including a neurological exam; and discern clinical impressions based upon the history, physical exam, and imaging of the patient, finalizing the process with a report.

Dr. Meadows does not, however, detail any information necessary to his evaluation or development of opinions that is not covered by existing examinations or medical records, or that could not be obtained by other discovery, such as deposing additional witnesses. *See id.* at 870. The real parties did not establish that the information regarding Gonzalez's condition which would be available to their experts through other forms of discovery is inadequate for the purpose of defending against Gonzalez's claims and obtaining a fair trial.

## CONCLUSION

Based on the foregoing analysis, we hold the trial court abused its discretion in granting the requested medical examination pursuant to Rule 204 in the absence of a showing of all of the required elements of good cause. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its August 25, 2015 Order Granting Cross-Defendants' Renewed Motion to Conduct Medical Examination. *See Coates*, 758 S.W.2d at 751.

We are confident the trial court will comply. The writ will issue only if the trial court fails to comply within fifteen days from the date of this court's order.

Rebeca C. Martinez, Justice