**Opinion issued August 31, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00399-CV

————————————

## IN RE MICHAEL ANGEL SANCHEZ, YELLOWSTONE LANDSCAPE GROUP, INC., AND BIO LANDSCAPE AND MAINTENANCE, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N

Relators, Michael Angel Sanchez, Yellowstone Landscape Group, Inc., and Bio Landscape and Maintenance (collectively "Relators"), have filed a petition for a writ of mandamus challenging the trial court's order denying their motion to compel a physical examination of real party in interest, Malek Abushaaban.[1]

---

[1] The underlying case is *Malek Abushaaban v. Michael Angel Sanchez, Yellowstone Landscape Group, Inc., and Bio Landscape and Maintenance*, Cause No.

We deny the petition.

Mandamus is an extraordinary remedy that is available when a trial court abuses its discretion and the relator has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is and applying it to the facts, and it abuses its discretion if it fails to analyze or apply the law correctly. *See In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker*, 827 S.W.2d at 840. "The relator must establish that the trial court could have reasonably reached only one conclusion." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 303 (Tex. 2016) (orig. proceeding).

In the trial court, Abushaaban filed suit to recover damages for injuries he allegedly sustained in a collision between his car and a truck driven by Sanchez. Relators moved to compel Abushaaban to submit to a physical examination. *See* TEX. R. CIV. P. 204.1(a)(1). To obtain an order compelling a physical examination, a movant must show that (1) the physical condition of the party the movant seeks to examine is "in controversy" and (2) "good cause" exists for the examination. *Id.* 204.1(c)(1). "These requirements cannot be satisfied 'by mere conclusory

2016-33602, in the 164th District Court of Harris County, the Honorable Alexandra Smoots-Thomas presiding.

allegations of the pleadings—nor by mere relevance to the case.'" *In re H.E.B. Grocery*, 492 S.W.3d at 303 (quoting *Coates v. Whittington,* 758 S.W.2d 749, 751 (Tex. 1988)). Rather, the movant has "an affirmative burden" to establish the rule 204.1 requirements. *In re Advanced Powder Sols., Inc.*, 496 S.W.3d 838, 848 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (internal quotations and citation omitted); *see In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 866 (Tex. App.—Dallas 2014, orig. proceeding) (noting rule 204.1 "does not grant an automatic right to obtain a physical or mental examination"). The purpose of the "good cause" requirement is to balance the competing interests of "the movant's right to a fair trial and the other party's right to privacy." *In re H.E.B. Grocery*, 492 S.W.3d at 303. To establish good cause, the movant must establish that (1) "the requested examination is relevant to issues in controversy and will produce or likely lead to relevant evidence," (2) there is "a reasonable nexus between the requested examination and the condition in controversy," and (3) "the desired information cannot be obtained by less intrusive means." *Id.*

In their trial court motion to compel an examination, Relators asserted that Abushaaban had placed his physical condition in controversy by seeking past and future damages for injuries allegedly sustained in the collision and there is "a relevant connection between the requested examination and the condition in controversy." And they argued that they cannot obtain the requested information

3

through less intrusive means because Abushaaban would not allow the examination without a court order. Relators attached to their motion, as exhibits, Abushaaban's First Amended Original Petition, his deposition testimony, and the affidavit of Dr. David G. Vanderweide, an orthopedic surgeon who averred that he needed to examine Abushaaban "first-hand" "[t]o understand his current medical condition and assess his future medical status."[2] In response, Abushaaban did not dispute that his physical condition is in controversy. But, he asserted that Relators offered only a "general statement" as to the need for a medical examination, "offer[ed] no specific reasons or evidence that the requested examination w[ould] produce relevant evidence," "failed to identify all other actions taken to obtain the information sought prior to filing the request to obtain a medical examination," and had "not utilized all

---

[2] In his affidavit, Dr. Vanderweide did not aver that he reviewed Abushaaban's medical records. As an exhibit to his response to Relators' motion, Abushaaban included a separate "Controverting Affidavit of Dr. David G. Vanderweide." In that affidavit, he averred that he reviewed "billing records and billing records affidavits," the amounts billed for services provided to Abushaaban were not reasonable, and "after a review of [Abushaaban's] medical treatment records" from the providers listed in the affidavit, Abushaaban's "physical therapy treatment . . . beyond 12-20 visits [was] unnecessary." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b) (Vernon 2015) (providing, absent controverting affidavit, affidavit service was necessary and amount charged was reasonable at time and place service was provided supports finding amount charged was reasonable or service was necessary). Based on the controverting affidavit, Abushaaban asserted in the trial court that Vanderweide does not "challenge the type of treatment—he challenges the length based on number of visits" and "[t]hose challenges are best resolved via deposition of the medical providers who treated [Abushaaban] and retrieval of records—not by physical examination."

4

resources afforded to them to obtain any records prior to the date of the accident."[3]

Abushaaban argued that Relators sought his examination prematurely because they could obtain the information by obtaining and reviewing his medical records or deposing his treating doctors. After a non-evidentiary hearing, the trial court, without explanation, denied Relators' motion to compel Abushaaban to submit to a medical examination.

Relators then filed in this Court their petition for a writ of mandamus, arguing that the trial court abused its discretion in denying their motion because Abushaaban had "designated his medical providers as expert witnesses" to testify "with respect to his disputed medical condition" and an examination is "the least intrusive method to obtain medical evidence in a battle of expert witnesses." In support, Relators have included in the mandamus record Abushaaban's First Amended Responses to Defendant's Request for Disclosures, in which he identified his treating doctors as experts expected to testify as to "the reasonableness and necessity of medical care and medical bills in addition to causation of [his] damages."[4] They have also

---

[3] Among other items, Abushaaban included, as exhibits to his response, a "Wavier of Notice," stating that Relators had "commissioned Republic Services, Inc. to obtain records on [Abushaaban]" from the listed custodians and a "Medical Authorization," executed by Abushaaban, authorizing release of his medical records from "**January 20, 2005** to **Present-day**."

[4] Abushaaban's First Amended Responses to Defendant's Request for Disclosures indicate that he served them on Relators before the trial court ruled on their motion to compel. However, neither Relators' petition nor the record shows that the first

included Plaintiff's Notice of Filing of Billing and Medical Records Affidavits, and an Affidavit of Medical Records with a physician's "Progress Note" and a surgeon's "Office Visit" notes.[5] Relators, stating that Abushaaban "has designated his medical providers as expert witnesses and has submitted affidavits with their medical records," assert that the requested examination of Abushaaban is required for them to obtain a fair trial.

We note, however, that there is no indication that these items were presented to the trial court in consideration of Relators' motion to compel Abushaaban to submit to a physical examination. Relators did not include them as exhibits to their motion or otherwise identify the items as support for their motion. Relators' counsel has certified to this Court that "[n]o exhibits were offered in evidence at the hearing, and no testimony was adduced in connection with the matter complained of." And

---

amended responses were filed with the trial court or provided to the trial court in consideration of Relators' motion to compel. *See* TEX. R. CIV. P. 191.4(a)(2) (providing responses to discovery requests "must not be filed"), 191.4(c) (providing exceptions to rule that discovery responses must not be filed).

[5] Plaintiff's Notice of Filing Billing and Medical Records Affidavits ("Notice") and Affidavit of Medical Records reflect that Abushaaban filed these items with the trial court before Relators filed their motion to compel. The Notice states that the listed affidavits of billing records custodians and medical records custodians "are being filed with the [trial] Court" and Abushaaban "intends to offer the records" from the listed facilities "into evidence at the trial of this case . . . by the affidavits attached" to it. *See* TEX. R. EVID. 803(6), (7), 902(10). The Notice does not indicate that medical or billing records were actually filed with the trial court.

6

the trial court's order denying Relators' motion indicates that the trial court considered *only* the "Motion to Compel" and counsels' arguments.

The decision whether to grant Relators' motion for a physical examination was within the trial court's discretion. *See In re Offshore Marine Contractors, Inc.*, 496 S.W.3d 796, 800 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); *In re Ten Hagen*, 435 S.W.3d at 865–66. Considering *the record that was before the trial court* when it denied their motion, we conclude that Relators have not established that the trial court abused its discretion in denying their motion to compel a physical examination of Abushaaban. Notably, Relators *did not* assert in their trial court motion that "a battle of the experts" required the trial court to allow their requested examination of Abushaaban, nor did they present to the trial court any support for their "battle of the experts" assertion that they now advance in this Court. *See In re Taylor*, 113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (explaining mandamus review limited to record actually *before trial court* for consideration).

Further, the "controlling authority" on which the dissent and Relators rely in support of the argument that mandamus relief is warranted does not compel the conclusion that the trial court *here* may have reached only one conclusion and, thus, abused its discretion in denying Relators' motion. *Cf. In re H.E.B. Grocery*, 492 S.W.3d at 303–04 (concluding physical examination warranted when requiring

7

defendant's expert to testify at jury trial without benefit of examining plaintiff placed expert at "a distinct disadvantage" because plaintiff could question expert's credibility and subsequent injury "introduced new complications with respect to the nature, extent, and cause" of plaintiff's injuries);[6] *In re Kirby Inland Marine, LP*, No. 01-18-00383-CV, 2018 WL 3468476, at *3 (Tex. App.—Houston [1st Dist.] July 18, 2018, orig. proceeding) (mem. op.) (concluding, because "time and advance notice limitations imposed by the trial court" denied relator ability to conduct full neuropsychological evaluation, limitations violated fundamental fairness and fair-trial standard and constituted abuse of discretion); *In re AutoZone Parts, Inc.*, No. 01-17-00559-CV, 2017 WL 4974559, at *2–3 (Tex. App.—Houston [1st Dist.] Nov. 2, 2017, orig. proceeding) (mem. op.) (explaining plaintiff had "designated multiple medical providers" as testifying expert witnesses and concluding defendant's expert witness disadvantaged without examining plaintiff); *In re*

---

[6]    In *In re H.E.B. Grocery Co.*, the relator's medical expert first provided a report "detailing his opinion" about the plaintiff's injuries based on an examination of his medical records. 492 S.W.3d 300, 301 (Tex. 2016). Realtor then moved to compel a physical examination of plaintiff, "amend[ing] the motion several times to provide additional documentation." *Id.* Unlike the record presented here, the record in *In re H.E.B Grocery* included the expert's deposition testimony, explaining "why 'a treating doctor is in a better position to examine and treat a patient's injuries' than a 'records review doctor'"; the expert's affidavit testimony that "provid[ed] a description of the examination and proposed findings"; and a separate incident that occurred after the expert had prepared his initial report, "introduc[ing] new complications with respect to the nature, extent, and cause of [plaintiff's] injuries that warrant a physical examination." *Id.* at 303–04 & n.3.

*Advanced Powder Sols.*, 496 S.W.3d at 851 (concluding "fundamental fairness" required allowing defendant's expert to examine plaintiff when his expert's report included "at least four pages and multiple 'diagnostic conclusions'" based exclusively upon expert's examination of plaintiff, not his medical records or other sources); *In re Offshore Marine Contractors*, 496 S.W.3d at 801–02 (concluding relator met burden to show less intrusive means inadequate to satisfy "fair-trial standard" when relator's neuropsychological expert provided "detailed explanation" why he could not "confidently rely on [plaintiff's] previous examinations and medical records," stating findings were "inconsistent with typical symptoms of concussion and there [were] indications of test score errors and possible misrepresentations by [plaintiff] of his symptoms").

Because Relators have not shown that the trial court, based on the record before it, abused its discretion in denying their motion to compel a physical examination, we deny the petition.[7] And we dismiss as moot Relators' motion to stay the trial setting in the underlying proceeding.


Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Higley.

Keyes, J., dissenting.

---

[7] Nothing in this opinion precludes Relators from properly reurging their motion to compel a physical examination of Abushaaban or seeking a stay of the trial setting in the trial court.