

# NUMBER 13-22-00305-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE OSBALDO GUERRA INDIVIDUALLY AND D/B/A ON CALL DELIVERY SERVICES

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Chief Justice Contreras[1]**

By petition for writ of mandamus and supplemental petition for writ of mandamus, relator Osbaldo Guerra individually and d/b/a On Call Delivery Services asserts that the trial court abused its discretion regarding the conditions for the medical examinations ordered for the real parties in interest, Armando Aguilar and Andres Perez Jr., pursuant to Texas Rule of Civil Procedure 204. *See* TEX. R. CIV. P. 204.1(d). Relator specifically

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

assails the trial court's order of May 19, 2022, and amended order of August 25, 2022, which contain the following condition providing that the examinations should take place by telemedicine consultation: "Dr. Miranda-Grajales performed a medical examination on [the real parties] via telephone through a telemedicine consultation before he prepared his life care plans and Dr. Charles W. Kennedy will be given the same opportunity to also perform a medical examination on [the real parties] via telephone through a telemedicine consultation."

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding); *In re Essex Ins.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

2

The trial court may grant a Rule 204.1 motion if the movant establishes that (1) "good cause" exists for the examination, and (2) the mental or physical condition of the party the movant seeks to examine "is in controversy." TEX. R. CIV. P. 204.1(c). "To show good cause, the movant must (1) show that the requested examination is relevant to issues in controversy and will produce or likely lead to relevant evidence, (2) establish a reasonable nexus between the requested examination and the condition in controversy, and (3) demonstrate that the desired information cannot be obtained by less intrusive means." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 304–305 (Tex. 2016) (orig. proceeding) (per curiam); *see Coates v. Whittington*, 758 S.W.2d 749, 751 (Tex. 1988) (orig. proceeding).

Mandamus may be appropriate to review an order compelling an examination when the proceedings fail to comply with Texas Rule of Civil Procedure 204.1. *See In re Grohman*, 640 S.W.3d 347, 349 (Tex. App.—San Antonio 2022, orig. proceeding). Further, mandamus is an appropriate remedy to review an order denying an examination under Rule 204 when the defense of the case "hinges in large part on challenges to the nature, extent, and cause" of the plaintiff's injuries, those issues "depend significantly on competing expert testimony," and the defense's expert requires "the same opportunity" as the plaintiff's expert "to fully develop and present his opinion, ensuring a fair trial." *In re H.E.B. Grocery Co.*, 492 S.W.3d at 304–305; *see In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 863 (Tex. App.—Dallas 2014, orig. proceeding). "Further, rulings regarding Rule 204 examinations may be reviewed by mandamus when they violate the 'fundamental fairness' doctrine or the 'fair trial' standard." *In re Soc'y of Our Lady of Most*

3

*Holy Trinity*, 622 S.W.3d 1, 10 (Tex. App.—Corpus Christi–Edinburg 2019, orig. proceeding) (citations omitted); *see, e.g.*, *In re Advanced Powder Sols., Inc.*, 496 S.W.3d 838, 851 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 870.

The Court, having examined and fully considered the petition for writ of mandamus, the supplemental petition, and the response filed by the real parties in interest,[2] is of the opinion that the relator has not met his burden to obtain relief. Accordingly, we lift the stay previously imposed in this cause. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
9th day of September, 2022.

---

[2] The real parties in interest filed a response to the petition for writ of mandamus which both addressed the merits of the relator's claim for relief and included a motion to dismiss this original proceeding. By motion to dismiss, the real parties asserted in relevant part that the relator's claims were rendered moot when the trial court issued the August 25, 2022 amended order regarding the medical examinations. However, relator's claims for relief concern a provision that is contained in both the original order and the amended order. "A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal," but "[a] case is not rendered moot simply because some of the issues become moot during the appellate process." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *see In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam). The amended order did not resolve all of the issues raised in this original proceeding. Accordingly, we disagree with the real parties' contention that this original proceeding has been rendered moot, and we deny the real parties' motion to dismiss this original proceeding.