**In re: San Juana CABALLERO.**

**No. 13–00–695–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 21, 2000.

R.W. Armstrong, R.W. Armstrong & Associates, Brownsville, for Relator.

Alonzo Ramos, Lopez, Peterson & Benavides, Laredo, Ewing Ebden Sikes, Brownsville, Michael A. Logan, Dallas, James H. Hunter, Royston, Rayzor, Vickery & Williams, Brownsville, R.E. Lopez, Jr., Lopez, Peterson, Benavides, Pllc, Laredo, for Real Party in Interest.

Before Chief Justice SEERDEN and Justices DORSEY and RODRIGUEZ.

## OPINION

DORSEY, Justice.

In this mandamus action, San Juana Caballero, Petitioner, seeks to set aside a trial court's order compelling her to submit to a gynecological examination. We hold that the trial court abused its discretion in ordering the petitioner to submit to such an examination, and conditionally grant the writ of mandamus.

San Juana Caballero brought suit against J.C. Penney Company, Payless Shoe Stores and IPC International for injuries she sustained as a result of being falsely accused of shoplifting from the J.C. Penney's store at Amigoland Mall in Brownsville, Texas. One of her claims was that the mental anguish resulting from this event caused her to begin to bleed vaginally. The bleeding continued for some time until she eventually underwent a hysterectomy.

On November 2, 2000, the trial court ordered Caballero to submit to a gynecological examination requested by the defendants. She petitioned this court for mandamus relief from this order.

■ The law is well settled that mandamus relief is available only to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175 (Tex. 2000); *see Walker v. Packer*, 827 S.W.2d 833, 839–44 (Tex.1992). A party does not have an adequate remedy by appeal when an appellate court cannot cure the trial court's erroneous discovery order. *Walker*, 827 S.W.2d at 843. A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or misapplies the law to the established facts of the case. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

Texas Rule of Civil Procedure 204.1(c) states that a court may issue an order compelling a party to submit to a physical or mental examination "only for good cause and only ... when the ... condition ... is in controversy." TEX. R. CIV. P. 204.1(c) (formerly TEX. R. CIV. P. 167a). "[C]ourts have demonstrated a reluctance to allow such examinations without a discriminating application by the district court of the limitations prescribed by the rule." *Williams v. Sanderson*, 904 S.W.2d 212, 215 (Tex.App.—Beaumont 1995, no pet.); *see also Spear v. Gayle*, 857 S.W.2d 122, 125–126 (Tex.App.—Houston [1st Dist.] 1993, no writ).

In *Coates v. Whittington*, the Texas Supreme Court set forth a test for when the trial court may compel a party to undergo a mental examination. *Coates*, 758 S.W.2d 749, 751 (Tex.1988). The court stated that the rule "places an affirmative burden on the movant to meet a two-pronged test: (1) the movant must show that the party's mental condition is 'in controversy'; and (2) the movant must demonstrate that there is 'good cause' for a compulsory mental examination." *Id.* "In the absence

of an affirmative showing of both prongs of the test, a trial court may not order an examination." *Id.* The court also stated that "the movant must demonstrate that the information sought is required to obtain a fair trial and therefore necessitates intrusion upon the privacy of the person he seeks to have examined." *Id.*

While the rule has seldom been litigated with regard to *physical,* as opposed to *mental* examinations, at least in the context of an examination as invasive as a gynecological examination, the same standard for "good cause" should apply. Under *Coates,* "good cause" requires an affirmative showing of three components: (1) that an examination is relevant to issues that are genuinely in controversy in the case; (2) that a reasonable nexus exists between the condition in controversy and the examination sought; and (3) that it is not possible to obtain the desired information through means that are less intrusive than a compelled examination. *Coates,* 758 S.W.2d at 753. Here, the movants made no attempt to show that it is not possible to obtain the desired information through less intrusive means. They have not deposed the plaintiff's doctors, nor have they attempted to obtain copies of Caballero's medical records. Additionally, movants did not produce any evidence regarding why this particular examination is "relevant to issues that are genuinely in controversy" in that they are unable to articulate why an examination such as this would shed any light on the bleeding condition that existed prior to the hysterectomy. Without making some affirmative showing on each prong of the *Coates* "good cause" test, we hold that a trial court abuses its discretion in ordering a party to submit to a gynecological examination.

Because the movants failed to make the requisite showing, we conditionally grant the petition for writ of mandamus. The trial court is directed to vacate its November 2nd order compelling Caballero to submit to a gynecological examination. The writ will issue only in the event that respondent fails to comply.