

# NUMBER 13-13-00682-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE LEO G. CLICK JR.

## On Petition for Writ of Mandamus.

## OPINION

**Before Justices Rodriguez, Garza, and Perkes**
**Opinion by Justice Perkes[1]**

Relator, Leo G. Click Jr., filed a petition for writ of mandamus and motion for temporary relief and stay in the above cause on December 10, 2013, seeking to avoid producing a hair sample in a wrongful death and personal injury lawsuit. By order issued the following day, this Court granted the motion for temporary relief and stayed the trial court's order of November 25, 2013 and any subsequent written order that

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

1

would require the production of a hair sample. *See* TEX. R. APP. P. 52.10(b).[2] This Court requested and received a response to the petition for writ of mandamus from the real parties in interest, Carlos H. Lowenberg Jr., individually and as independent executor to the estate of Nicole K. Lowenberg and as next friend of Nicolas A. Lowenberg and Carlos H. Lowenberg, III ("Tres"), minors. *See id.* R. 52.4, 52.87. We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

The underlying lawsuit arises from a vehicular accident occurring on or about August 18, 2013 on Highway 35 in Refugio County, Texas. Nicole K. Lowenberg was driving southbound with her two sons, Nicolas and Tres, and their friend Samson Stoffregen. Relator, driving northbound in a truck owned by Dalton Trucking, Inc. and Dalton Crane L.C. (collectively "Dalton"), veered into oncoming traffic and hit the Lowenberg's vehicle head-on. Nicole and Samson died in the crash. Nicolas and Tres suffered personal injuries. On August 30, 2013, the real parties brought suit against Dalton and Click for, inter alia, negligence, negligent hiring, supervision, training and retention of employees, negligence per se, negligent entrustment, and gross negligence.

At issue in this original proceeding is a motion filed by the real parties on or about October 11, 2013 seeking to examine relator's hair follicle samples for controlled substances under Texas Rules of Civil Procedure 196.1(b) and 204.1(a). *See* TEX. R. CIV. P. 196.1(b), 204.1(a). According to the motion, the police officer's report stated that a contributing factor for the crash was that relator was fatigued and/or asleep. The

---

[2] The respondent in this original proceeding is the Honorable Joseph Patrick Kelly, presiding judge of the 267th Judicial District Court of Refugio County, Texas.

2

motion further stated that relator was currently on parole for "multiple criminal matters," including "possession of a controlled substance with the intent to manufacture, a second degree felony." The real parties contended that relator's physical condition was in controversy because the police report showed that relator was fatigued or asleep at the time of the crash and relator's past drug convictions provided good cause for the testing, thus entitling the real parties to test relator's hair samples for controlled substances.

Relator filed a response to the real parties motion contending, inter alia, that his physical condition was not in controversy and that the real parties had not demonstrated good cause for the examination because no evidence showed that alcohol or drugs were involved in the accident. Relator supported his response with an affidavit from Dr. Vik Beberta, a medical toxicologist and emergency room physician, who opined, inter alia, that: hair testing has "limited use" in determining whether an individual's hair has been exposed to a potential drug because a test can reflect drug usage by bystanders rather than the individual subject to testing; and hair cleaning and manipulation, hair pigment, color, race, dosage of drug exposure, and sampling methods can all affect the availability and existence of drugs in the hair at the time of testing. Dr. Beberta stated that in "situations like the present case, hair testing is no longer considered a scientifically reliable method to determine whether an individual used drugs, when the individual used drugs, or whether the individual was impaired or intoxicated by a particular drug found in the hair." Dr. Beberta further opined that testing hair samples more than ninety days after an alleged drug exposure was scientifically unreliable.

The trial court held a hearing on the motion on November 25, 2013. At the hearing, counsel for the real parties informed the court that he had agreed to withhold

3

discovery until after the case had been mediated; however, the real parties wished to obtain relator's hair sample and have it placed in an envelope to be held in the trial court's file so it could be tested if the parties were not able to resolve the case at mediation. On November 29, 2013, the trial court granted the real parties' motion. The order states in relevant part:

> It is ordered that Defendant Leo G. Click produce by December 4, 2013, hair samples. Said hair samples are to be placed in a sealed envelope and delivered to the District Court of Refugio County, Texas and are to be retained in the file until such time as Plaintiffs present at a hearing evidence and good cause to support the submission of hair samples for examination.

By agreement, the parties extended the deadline for production until December 11, 2013.

By four issues, relator contends that the trial court abused its discretion when ordering the production of the hair sample because: (1) the real parties failed to produce evidence that relator's physical condition was in controversy; (2) the real parties failed to produce evidence that there was good cause for the examination; (3) there was unrebutted expert testimony that there was no possible relevance to or scientific reliability for the hair sample testing; and (4) the testing was a violation of the relator's constitutional rights against unreasonable seizure of the hair sample. In response, the real parties contend that relator possesses an adequate appellate remedy; the request is within the confines of proper discovery under Rule 192.3 of the Texas Rules of Civil Procedure insofar as it is relevant and may lead to the discovery of admissible evidence; and the request does not violate relator's constitutional rights regarding unreasonable search and seizures or the right to privacy.

4

## II. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding).

The scope of discovery is generally within the trial court's discretion. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995). Parties may seek discovery "regarding any matter that is not privileged and is relevant to the subject matter of the pending action . . . ." TEX. R. CIV. P. 192.3(a). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. TEX. R. EVID. 401. However, a trial court abuses its discretion when it orders discovery exceeding the scope permitted by the rules of procedure. *In re CSX Corp.*, 124 S.W.3d at 152.

In the instant case, the real parties contend that relator possesses an adequate remedy by appeal and thus mandamus relief is unavailable. However, mandamus relief is available when the trial court compels production beyond the permissible bounds of discovery. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding); *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). Specifically, for example, a party will not have an adequate remedy by appeal: (1) when the appellate court would not be able to cure the trial court's discovery error; (2) where the party's ability to present a viable claim or defense at trial is vitiated

5

or severely compromised by the trial court's discovery error; and (3) where the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex.1992) (orig. proceeding).

## III. ANALYSIS

Rule 204 of the Texas Rules of Civil Procedure pertains generally to physical and mental examinations. *See* TEX. R. CIV. P. 204.1–204.5. Under Rule 204.1, a party may, no later than thirty days before the end of the applicable discovery period, move for an order compelling another party to submit to a physical or mental examination by a qualified physician or psychologist. *See id.* R. 204.1(a)(1). Under the circumstances present in this case, the party seeking the examination must show both (1) good cause and (2) that the mental or physical condition of a party is in controversy. *See id.* R. 204.1(c)(1); *Coates v. Whittington*, 758 S.W.2d 749, 752 (Tex. 1988) (orig. proceeding) (interpreting former rule 167a regarding the propriety of an order requiring a mental examination); *In re Commitment of Hatchell*, 343 S.W.3d 560, 562–63 (Tex. App.—Beaumont 2011, orig. proceeding). These requirements may not be met with "conclusory allegations" in the movant's pleadings or by "mere relevance to the case." *Coates*, 758 S.W.2d at 751; *see In re Transwestern Publ'g Co.*, 96 S.W.3d 501, 505 (Tex. App.—Fort Worth 2002, orig. proceeding). The "good cause" element requires a balancing of the competing interests of the party's right of privacy and the movant's right to a fair trial. *See Coates*, 758 S.W.2d at 753. In order to show good cause, the movant must establish that: (1) the examination is relevant to issues that are genuinely in controversy in the case and the examination would produce, or would likely lead to,

relevant evidence; (2) a reasonable nexus exists between the condition in controversy and the examination sought; and (3) it is not possible to obtain the desired information through means that are less intrusive than a compelled examination. *Id.* at 751; *In re Transwestern Publ'g Co.*, 96 S.W.3d at 505; *In re Caballero*, 36 S.W.3d 143, 144 (Tex. App.—Corpus Christi 2000, orig. proceeding).

As an initial matter, the real parties contend that the foregoing requirements are irrelevant because the trial court did not order an examination under Rule 204, but instead only ordered the production of the hair sample, and the order requires the real parties to thereafter produce evidence that good cause exists for the examination. We conclude, however, that the prerequisites of Rule 204 apply not only to the examination itself, but also the production of a physical sample. Rule 204 applies expressly to orders compelling a party to "submit" to examination and compelling a party to "produce" a person for examination. *See* TEX. R. CIV. P. 204.1(a)(1),(2). Moreover, it is fundamental that the rules and law pertaining to the scope of discovery apply to the production of discovery, not only what the recipient does with the fruits of the discovery. *See id.* R. 192.3(a).

We therefore turn to the requirements of Rule 204. *See generally id.* R. 204. As a threshold matter, the text of the order requiring production indicates that good cause for the examination had not yet been established at the time that the order was rendered. Further, applying the foregoing analysis regarding good cause to this case, the relator has presented unrebutted expert testimony that hair testing more than ninety days after exposure is not scientifically reliable to determine whether a person used a drug at a particular time, or was intoxicated or impaired from a drug at a particular point in time. In other words, the evidence before the trial court did not establish that the

requested examination is relevant to issues that are genuinely in controversy in the case and the examination would produce, or would likely lead to, relevant evidence, or that a reasonable nexus exists between the condition in controversy and the examination sought. *See, e.g., Coates*, 758 S.W.2d at 751. Moreover the real parties have made no attempt to show that it is not possible to obtain the desired information through less intrusive means. *See id.* Accordingly, based on the record presented and the arguments of the parties, we conclude that the real parties have not shown in this case that good cause exists for an examination. Because the real parties failed to make the requisite showings under Rule 204, the trial court erred in ordering the production of the hair sample. *See generally* TEX. R. CIV. P. 204.1(c).

## IV. CONCLUSION

The stay previously imposed by this Court is LIFTED. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We CONDITIONALLY GRANT the petition for writ of mandamus. The trial court is directed to vacate its November 29, 2013 order compelling relator to produce a hair sample. The writ will issue only in the event that respondent fails to comply.

JUSTICE GREGORY T. PERKES

Delivered and filed the
6th day of January, 2014.

8