

## NUMBER 13-15-00254-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE H.E.B. GROCERY COMPANY, L.P.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion Per Curiam[1]

On June 3, 2015, H.E.B. Grocery Company, L.P. ("H.E.B.") filed a petition for writ of mandamus and an emergency motion to stay. Through this original proceeding, H.E.B. contends that the trial court abused its discretion by denying H.E.B.'s motion requesting a physical examination of the real party in interest, Daniel Rodriguez. *See generally* TEX. R. CIV. P. 204.1 (delineating the requirements for motions and orders pertaining to physical or mental examinations). Through its emergency motion, H.E.B. sought to stay

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

all trial court proceedings, including discovery, hearings, and the current trial setting of June 15, 2015, pending resolution of this cause. By order issued the following day, this Court requested that Rodriguez file a response to the petition for writ of mandamus by June 9, 2015, and deferred ruling on the emergency motion to stay pending receipt and review of Rodriguez's response to the petition. Rodriguez's response to the petition for writ of mandamus is now before the Court. As stated herein, we deny the petition for writ of mandamus.

## I. STANDARD FOR MANDAMUS RELIEF

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam).

A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex.

2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam); *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (per curiam); *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding); *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). Specifically, for example, a party will not have an adequate remedy by appeal: (1) when the appellate court would not be able to cure the trial court's discovery error; (2) where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error; and (3) where the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record. *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007) (orig. proceeding); *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding); *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 862 (Tex. App.—Dallas 2014, orig. proceeding). In this regard, an order denying a physical or mental examination may be subject to review by mandamus. *See, e.g., In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 863.

## II. BACKGROUND

On July 30, 2010, Rodriguez tripped and fell on a metal plate located at the entrance to a cart "corral" in the parking lot of one of H.E.B.'s stores. As a result of the

3

fall, he sustained injuries to his back, knee, arm, shoulder, and face. In addition to other medical treatment, Rodriguez underwent surgery consisting of an anterior cervical discectomy and fusion of the C4-5 and C5-6 cervical spine on October 28, 2010, and a second surgery, including an anterior cervical discectomy with explant of the cervical plate at C4-5 and C5-6, on December 19, 2011. Rodriguez brought the underlying premises liability lawsuit against H.E.B. on April 23, 2012 seeking recovery for his personal injuries. Rodriguez remains under medical care, and, according to his treating physician, may require an additional surgery.

On December 12, 2013, H.E.B.'s medical expert testified in his deposition that he had reviewed Rodriguez's medical records and saw "no sign of any acute injury." On July 8, 2013, the expert furnished a report stating that, after reviewing Rodriguez's medical records, it was his opinion that Rodriguez suffered "preexisting spinal stenosis at C4-5 and C5-6" which was present before his fall and that Rodriguez suffered "no sign of acute injury" and "[n]o other treatment is needed."

The underlying lawsuit was initially set for trial on October 28, 2013, but that trial date was passed by an order granting the parties' agreed motion for continuance. On February 25, 2014, H.E.B. filed a motion requesting that its medical expert be allowed to perform a physical examination of Rodriguez. On March 18, 2014, H.E.B. filed an amended motion for examination.[2] The trial court held a hearing on H.E.B.'s request for a medical examination on March 19, 2014, but did not issue a ruling on the motion. On June 17, 2014, H.E.B. filed a second amended motion for examination and a motion to

---

[2] We note that an amended pleading adds or withdraws matters to correct or change the previous pleading. *See* TEX. R. CIV. P. 62. Once an amended pleading is filed, the previous pleading is no longer part of the proceedings. *See id.* R. 65.

continue the trial date. On August 1, 2014, H.E.B. filed a third amended motion for examination and a motion to continue the trial date, and it allegedly argued the motion to the trial court at a pretrial conference held on that day. The case was set for trial on August 11, 2014; however, that trial date was passed. On January 29, 2015, H.E.B. filed a fourth amended motion for examination and a motion to continue the trial date. On February 2, 2015, H.E.B. again allegedly argued its motion to the trial court at a pretrial hearing. The case was again set for trial on February 19, 2015; however, that trial date was also passed. On May 26, 2015, H.E.B. filed a fifth amended motion for examination and a motion to continue the trial date. On May 27, 2015, the motion was set for hearing. On June 3, 2015, the trial court issued an order denying H.E.B.'s request for examination.[3]

This original proceeding ensued. By one issue, H.E.B. contends that the trial court abused its discretion in denying its request for an examination.

### III. APPLICABLE LAW

Rule 204 of the Texas Rules of Civil Procedure pertains generally to physical and mental examinations. *See* TEX. R. CIV. P. 204.1–204.5. Under Rule 204.1, a party may, no later than thirty days before the end of the applicable discovery period, move for an order compelling another party to submit to a physical or mental examination by a qualified physician or psychologist. *See id.* R. 204.1(a)(1). The party seeking the examination must show both (1) good cause and (2) that the mental or physical condition of a party is in controversy. *See id.* R. 204.1(c)(1); *Coates v. Whittington*, 758 S.W.2d 749, 752 (Tex. 1988) (orig. proceeding) (interpreting former rule 167a regarding the

---

[3] Our recitation of the procedural chronology underlying this original proceeding is based largely on the allegations in the petition for writ of mandamus because we have not been provided with the reporter's records from the hearings held on March 19, 2014, August 1, 2014, February 2, 2015, and May 27, 2015.

propriety of an order requiring a mental examination); *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 866; *In re Dallas Group of Am., Inc.*, 434 S.W.3d 647, 651 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *In re Commitment of Hatchell*, 343 S.W.3d 560, 562–63 (Tex. App.—Beaumont 2011, orig. proceeding).  These requirements may not be met with "conclusory allegations" in the movant's pleadings or by "mere relevance to the case."  *Coates*, 758 S.W.2d at 751; *see In re Click*, 442 S.W.3d 487, 491 (Tex. App.—Corpus Christi 2014, orig. proceeding); *In re Transwestern Publ'g Co.*, 96 S.W.3d 501, 505 (Tex. App.—Fort Worth 2002, orig. proceeding).

The "good cause" element requires a balancing of the competing interests of the party's right of privacy and the movant's right to a fair trial.  *See Coates*, 758 S.W.2d at 753; *In re Click*, 442 S.W.3d at 491.  In order to show good cause, the movant must establish that:  (1) the examination is relevant to issues that are genuinely in controversy in the case and the examination would produce, or would likely lead to, relevant evidence; (2) a reasonable nexus exists between the condition in controversy and the examination sought; and (3) it is not possible to obtain the desired information through means that are less intrusive than a compelled examination.  *Id.* at 751; *In re Transwestern Publ'g Co.*, 96 S.W.3d at 505; *In re Caballero*, 36 S.W.3d 143, 144 (Tex. App.—Corpus Christi 2000, orig. proceeding).  There must be a greater showing of need to obtain a physical or mental examination than to obtain other sorts of discovery.  *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 866 (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)).

## IV. ANALYSIS

H.E.B. has the burden of providing this Court with a record sufficient to establish its right to mandamus relief.  *See* TEX. R. APP. P. 52.3(k)(1), 52.7(a); *Walker v. Packer*,

6

827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). The record filed by H.E.B. is deficient insofar as H.E.B. has not provided reporter's records of the hearings on its motions seeking a physical examination or the hearings where it urged the trial court to rule on its motions. *See* TEX. R. APP. P. 52.7(a)(2) (requiring relator to file with the petition a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter); *Walke*r, 827 S.W.2d at 837. The record and appendix further lack the pleadings filed by Rodriguez in response to H.E.B.'s motions for a medical examination.

Moreover, based on the limited record provided, H.E.B. has failed to meet its burden to show that its ability to present a viable claim or defense is vitiated or severely compromised by the trial court's refusal to allow a medical examination, *see In re Allied Chem. Corp.*, 227 S.W.3d at 658, or that it has established good cause for the examination. *See Coates*, 758 S.W.2d at 751; *In re Click*, 442 S.W.3d at 491. H.E.B.'s retained expert has already reviewed Rodriguez's medical records and rendered opinions pertaining to his alleged injuries. *See Coates*, 758 S.W.2d at 751; *In re Click*, 442 S.W.3d at 491. Under these circumstances, H.E.B. has not shown that the examination will produce or is likely to lead to evidence relevant to the case. *See Coates*, 758 S.W.2d at 751; *In re Caballero*, 36 S.W.3d at 144.

We conclude that H.E.B. has not shown that the trial court abused its discretion in rendering the June 3, 2015 order denying its request for a medical examination of Rodriguez.

### IV. CONCLUSION

7

Based on the foregoing, we deny H.E.B.'s emergency motion to stay the trial court proceedings and we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8, 52.10.

PER CURIAM

Delivered and filed the
11th day of June, 2015.