

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00352-CV

---

TERRE ANDERSON AND ALL OTHER OCCUPANTS, APPELLANTS

V.

KARL RANDALL NATHO, APPELLEE

---

On Appeal from the County Court at Law No. 5
Williamson County, Texas
Trial Court No. 24-1210-CC5, Honorable Will Ward, Presiding

---

May 28, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

This appeal arises out of a forcible detainer action. Appellants, Terre Anderson and all other occupants (collectively, the "Andersons") appeal their eviction in favor of Appellee, Karl Randall Natho. As their sole issue, the Andersons complain the trial court

erred by excluding evidence of an unwritten property agreement. We vacate the trial court's judgment and dismiss the case.[1]

## BACKGROUND

In 2021, Natho and his then-spouse, Brennan Berry, bought an eighteen-acre property from William Gann and Brandy Olivares in Florence, Texas. The property was mostly unimproved, with the exception of a mobile home owned by Terre Anderson and her husband. When Natho and Berry purchased the property, they were informed of the occupancy of the Andersons by Gann, who asked Natho to continue to allow the Andersons to occupy the premises after the purchase.

After purchasing the property, Natho and Berry allowed the Andersons to continue their occupancy of the premises without a written agreement and without collecting rent. This continued for three years until Natho and Berry filed for divorce, at which time Natho attempted to evict the Andersons from the property. The Andersons claimed they had purchased a two-acre life estate from Gann and had not only paid Gann $22,000 for their interest, but they had made nearly $80,000 in improvements to the property, including installation of power, a septic tank, and internet access. Natho succeeded in an initial eviction proceeding only to be reversed upon appeal to the county court for a defect in the proceeding. He then initiated a second proceeding which was dismissed by the justice of the peace without prejudice, and he appealed to the county court at law.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court, this appeal will be decided in accordance with the precedent of the Third Court of Appeals. TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251 (Tex. 2022).

In the de novo appeal in the county court at law, when the Andersons attempted to introduce evidence of the life estate agreement, the trial court sustained Natho's objection based on relevance. The trial court did, however, permit the Andersons to make an offer of proof of the evidence they would have introduced. At the end of the proceeding, the trial court determined Natho had the superior right of possession and granted the forcible detainer.

## ANALYSIS

As a threshold matter, we must consider whether the trial court had subject matter jurisdiction to hear the case. Subject matter jurisdiction is essential to the authority of a court to decide a case. *Farm & Ranch Freedom All. v. Tex. Dep't of Agric.*, No. 03-23-00459-CV, 2025 Tex. App. LEXIS 2224, at *16 (Tex. App.—Austin Apr. 3, 2025, no pet.) (mem. op.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). Courts bear the affirmative obligation to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it. *City of Hous. v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (citations omitted). Subject matter jurisdiction presents a question of law we review de novo. *Id.*

In the words of the trial court, "[w]e got us a pickle here." Trial testimony by Brennan Berry admitted the Andersons made several substantial and valuable improvements to the property before she and Natho purchased it, and the Andersons' improvements are permanent and cannot be removed if they are evicted from the property. At the same time, there is no written or recorded instrument in the property records evidencing the purchase of the life estate the Andersons claimed, and Natho did

3

not have any notice—at least in the record—of the existence of the life estate. The consequences of this ruling would necessarily deprive one or the other party of property interests.

Possession, not title, is the sole issue to be determined in a forcible-detainer suit. *Banks v. Bank of Am., N.A.*, No. 03-16-00046-CV, 2017 Tex. App. LEXIS 4019, at *8 (Tex. App.—Austin May 4, 2017, no pet.) (mem. op.) (citations omitted); TEX. R. CIV. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title."). A justice court is without jurisdiction to adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4). Thus, neither a justice court, nor a county court on appeal, has jurisdiction to determine the issue of title to real property in a forcible detainer suit. *See* TEX. CIV. P. 510.9–.10; TEX. PROP. CODE ANN. § 24.007. If the question of title is so intertwined with the issue of possession that the possession may not be adjudicated without first determining title, neither the justice court nor the county court has jurisdiction to enter a judgment in the suit for forcible detainer. *Banks*, 2017 Tex. App. LEXIS 4019, at *8–9.

Dispositive of this appeal, it is undisputed there was no landlord-tenant agreement or relationship between the Andersons and Natho. In order to commit a forcible detainer, a landlord-tenant relationship must exist between the parties disputing who has the superior right to possession of the property. *Ebert v. Day*, No. 03-04-00264-CV, 2004 Tex. App. LEXIS 11043, at *4 (Tex. App.—Austin Dec. 9, 2004, no pet.) (mem. op.) (citing TEX. PROP. CODE ANN. § 24.002; *Academy Corp. v. Sunwest N.O.P., Inc.*, 853 S.W.2d 833, 833–34 (Tex. App.—Houston 1993, writ denied)). When the landlord-tenant relationship is lacking, an adjudication of title is necessarily required to resolve the question of right to possession, depriving both the justice court and, on appeal, the county

4

court of jurisdiction. *Wells Fargo, N.A. v. Steel,* No. 03-13-00297-CV, 2014 Tex. App. LEXIS 49, at *4 (Tex. App.—Austin Jan. 7, 2014, no pet.) (citing *Rice v. Pinney*, 51 S.W.3d 705, 712 n.4 (Tex. App.—Dallas 2001, no pet.)).

Further, although the alleged oral contract for a life estate violates the statute of frauds, the Andersons appear to have some evidence to prove the partial performance exception. Under the doctrine of partial performance as applied to the statute of frauds, an oral contract for the purchase of real property is enforceable if the purchaser:

> (1) pays the consideration;
>
> (2) takes possession of the property; and
>
> (3) makes permanent and valuable improvements on the property with the consent of the seller, or, without such improvements, other facts are shown that would make the transaction a fraud on the purchaser if the oral contract was not enforced.

*Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992) (citing *Hooks v. Bridgewater*, 229 S.W. 1114, 1116 (Tex. 1921); *Cowden v. Bell*, 300 S.W.2d 286, 289–90 (Tex. 1957)). The Andersons presented evidence in their offer of proof they:

> (1) paid $22,000 to Gann—Natho's predecessor-in-interest;
>
> (2) took possession of the property while Gann was the record title owner; and
>
> (3) spent over $80,000 to add a septic tank, electricity, and internet to the property before Natho took possession, presumably with Gann's permission.

If the above contentions are true, the Andersons may prevail in a title contest by establishing the partial performance exception to the statute of frauds. This is a genuine issue of title which must be determined by a district court.

5

Given there was a genuine issue of title intertwined with the issue of possession, the justice court, and the county court at law on appeal, did not have subject matter jurisdiction to hear the controversy. Accordingly, the county court rendered a void judgment. Because we have determined the trial court lacked jurisdiction, we do not reach the Andersons' sole issue. TEX. R. APP. P. 47.1.

## CONCLUSION

The trial court's judgment is vacated, and the underlying cause is dismissed for want of jurisdiction. Because our jurisdiction extends no further than that of the court from which appeal was taken, we also dismiss this appeal. TEX. R. APP. P. 43.2(e).


Alex Yarbrough
Justice

6