ACCEPTED
04-15-00553-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/15/2015 12:02:12 AM
KEITH HOTTLE
CLERK

No. 04-15-00553-CV

## IN THE COURT OF APPEALS
## FOR THE FOURTH DISTRICT OF TEXAS
## SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/15/2015 12:02:12 AM
KEITH E. HOTTLE
Clerk

## IN RE: RUBEN GONZALEZ,

**Relator.**

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

**Counsel for Real Parties in Interest:**

David L. Ortega
State Bar No. 00791377
Stephen D. Navarro
State Bar No. 00792712

**NAMAN HOWELL, SMITH & LEE, PLLC**
10001 Reunion Place, Ste. 600
San Antonio, TX 78216
Tel: 210-731-6351
Facsimile: 210-785-2951
Email: dortega@namanhowell.com
Email: snavarro@namanhowell.com

## REQUEST FOR ORAL ARGUMENT

Real Parties in Interest respectfully request oral argument to assist the Court in determining the issues presented in this original proceeding. Tex. R. App. P. 39.1.

## EXPLANATION OF ABBREVIATIONS

The abbreviations used herein are those referred to by relator in the Petition for Writ of Mandamus. A reference to the mandamus record is abbreviated as "(MR)".

A reference to the record from the hearing on Real Parties in Interest Renewed Motion to Conduct Medal Examination is referred to as "(RR)".

# TABLE OF CONTENTS

Request for Oral Argument..................................................ii

Explanation of abbreviations...........................................ii

Table of Contents..........................................................iii

Index of Authorities......................................................v

Statement of the Case....................................................vi

Issues Presented..........................................................vii

Statement of Facts........................................................1

Argument.................................................................3

    **I.**     **Mandamus Standard...............................3**

    **II.**    **Respondent did not abuse her discretion by concluding good cause was shown and ordering the medical examination to determine the condition of Gonzalez' spine and whether he would benefit from surgery..............................4**

        A.    Standard for granting medical examination. ..............4

        B.    Lessor intrusive means requirement has been satisfied. ..4

    **III.**   **Respondent did not abuse her discretion by ordering the medical examination given that Gonzalez' providers are at odds with each other regarding the surgery allegedly required...............................7**

        A.    The exam is necessary to draw a clear picture of Gonzalez' spine.............................................7

Conclusion...............................................................9

Prayer…………………………………………………………9

TRAP 9.4(i)(3) Certificate…………………………………..10

TRAP 52.3(j) Certificate…………………………………….11

Certificate of Service……………………………………..11

# INDEX OF AUTHORITIES

**CASES**                                                              **PAGE(s)**

*CSR Ltd. v. Link*, 925 S.W.2d 591 (Tex. 1996) (orig. proceeding)..................3

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding)..................3

*Prudential Ins. Co. of America*, 148 S.W.3d 12 (Tex. 2004).......................3

*Re Colonial Pipeline Co.*, 968 S.W. 2d 938 (Tex. 1998) (orig. proceeding).....3

*Canadian Helicopters, Ltd. V. Wittig*, 876 S.W. 2d 304.......................4
    (Tex. 1994) (orig. proceeding)

*Coates v. Whittington*, 758 S.W. 2d 749 (Tex. 1988)..........................4

*Transwestern Publishing Company*, 96 S.W. 3d 501............................4
    (Tex.App. – Fort Worth 2002, orig. proceeding)

*Exxon Corp. V. Starr*, 790 S.W.2d 883......................................7
    (Tex. App. – Tyler 1990, orig. proceeding)

*Sherwood Lane Assocs. v. O'Neil*, 782 S.W.2d 942............................7
    (Tex. App. – Houston [1st Dist.] 1990, no writ.

*Ten Hagen Excavating, Inc.*, 435 S.W.3d 859................................7
    (Tex.App. – Dallas 2014, orig. proceeding)


**RULES OF PROCEDURE**

Texas Rule of Civil Procedure 204.1(C)......................................4

Texas Rule of Appellate Procedure 9.4(i)(3).................................10

Texas Rule of Appellate Procedure 52.3(J)..................................10

Texas Rule of Appellate Procedure 9.5.....................................10

# STATEMENT OF THE CASE

<u>Nature of the Underlying Proceeding:</u> The underlying dispute is a suit for damages following a collision involving a vehicle being driven by Relater Ruben Gonzalez and a tractor-trailer being driven by Martin Garcia, a former Plaintiff. (MR 95).

<u>Respondent:</u> The Honorable Monica Z. Notzon, Judge of the 111th Judicial District Court of Webb County, Texas.

<u>Respondent's Action from Which Relief is Sought:</u> Respondent entered an order compelling Ruben Gonzalez to undergo a medical examination for the purpose of determining the current condition of Mr. Gonzalez' cervical spine and whether he would benefit from cervical disk surgery. (RR 10; MR 41,82-83).

## ISSUE PRESENTED

### ISSUE NO. 1

Did Respondent abuse her discretion by: (1) concluding the Real Parties in Interest showed good cause for the medical examination of Ruben Gonzalez and (2) entering an order compelling Ruben Gonzalez to undergo the medical examination to determine the current condition of his cervical spine and whether he would benefit from cervical disc surgery?

### ISSUE NO. 2

Did Respondent abuse her discretion by entering an order compelling Ruben Gonzalez to undergo the medical examination given the pending four disc surgery recommended by Dr. Gerardo Zavala and the single disk surgery recently performed by Dr. Alejandro J. Betancourt?

## STATEMENT OF FACTS

### I. The underlying suit.

This is an auto accident case occurring on February 14, 2012 whereby Relator, Ruben Gonzalez ("Gonzalez") alleges he suffered severe mental, physical injuries and damages following a collision between his vehicle and the vehicle being driven by former Plaintiff, Martin Garcia. (MR 95). Gonzalez subsequently filed a cross-claim against Real Parties in Interest. (MR 3, 94).

Gonzalez and his designated testifying expert and treating provider, Dr. Gerardo Zavala ("Dr. Zavala") allege injury to Gonzalez' cervical spine requiring a four level cervical disc surgery. (MR 54, 71-72, 82). Furthermore, Gonzalez has testified that he does not think he is physically qualified to work. (MR 73). Subsequent to his deposition testimony, however, Gonzalez has been videotaped on two occasions at the business of D&H Oil and Gas Services, LLC in Laredo, Texas, apparently working. Gonzalez' expert, Dr. Gerardo Zavala, viewed the videotapes during his deposition and testified, "it appears that he was working." (MR 76-78). In addition, Dr. Zavala testified that although Gonzalez complains of pain every time he examines him; in the video Gonzalez did not appear to be in pain and looked comfortable. (MR 75-76).

Real Parties in Interest filed their Renewed Motion to Conduct Medical Examination on July 22, 2015. (MR 38, 66). On August 25, 2015, Respondent, the

Honorable Monica Z. Notzon, signed an order granting the motion and requiring Gonzalez to submit to a medical examination to be performed on September 9, 2015 by Dr. Gilbert R. Meadows ("Dr. Meadows"). (MR 41-42).

## II. Gonzalez undergoes a different surgery performed by a doctor who was not previously disclosed.

After Real Parties in Interest filed their Renewed Motion for Medical Exam, Gonzalez disclosed on August 21, 2015, that he had undergone cervical disk surgery on July 14, 2015. (MR 57). Such surgery, however, was not performed by Gonzalez' designated expert, Dr. Zavala, who had been previously deposed on February 23, 2015, but was performed by Dr. Alejandro J. Betancourt ("Dr. Betancourt"), who had not been disclosed prior to the surgery or the filing of the renewed motion. (MR 43, 54, 57; RR 13). Furthermore, Dr. Betancourt performed a one level disk surgery as opposed to the four level surgery recommended by Dr. Zavala. (RR 9; MR 54, 71-72, 82). Although Gonzalez informed Real Parties in Interest on May 22, 2015 and May 26, 2015 that he would be moving "forward with surgery", Gonzalez never advised when the surgery would take place, that the surgery was going to be performed by a different doctor, nor that he would be undergoing a different surgery. (MR 79-80). Thus far, Gonzalez has not provided the medical records from Dr. Betancourt or Cornerstone Regional Hospital to Real Parties in Interest. (MR 54). More importantly, Dr. Zavala's recommendation for the four level cervical disk surgery is still pending. (RR 9; MR 54, 71-72, 82).

# ARGUMENT

## I. Mandamus Standard

Mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). To obtain mandamus relief, the relator must show that: (1) the trial court clearly abused its discretion; and (2) the relator has no adequate appellate remedy. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)(orig. proceeding). In making the determination of whether the trial court abused its discretion, appellate courts are mindful that the purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed. *In Re Colonial Pipeline Co.*, 968 S.W. 2d 938, 941 (Tex. 1998) (orig. proceeding). With respect to the resolution of factual issues or matters committed to the trial court's discretion, an appellate court may not substitute its judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and

unreasonable. *Id. at 839-840.* This burden is a heavy one. *Canadian Helicopters, Ltd. V. Wittig*, 876 S.W. 2d 304, 305 (Tex. 1994) (orig. proceeding).

**II.  Respondent did not abuse her discretion by concluding good cause was shown and ordering the medical examination to determine the condition of Gonzalez' spine and whether he would benefit from surgery.**

A.  <u>Standard for granting medical examination.</u>

Rule 204 of the Texas Rules of Civil Procedure provides the standard for granting a medical examination. A court will order a physical examination only for good cause and only when the person's mental or medical condition is in controversy. Tex. R. Civ. P. 204.1(c); *Coates v. Whittington*, 758 S.W. 2d 749, 751 (Tex. 1988). Gonzalez concedes that his medical condition is in controversy. (RR 6-7).

Good cause requires the showing of three elements. First, the examination must be relevant to issues genuinely in controversy and produce, or likely lead to, relevant evidence. Second, the movant must show there is a reasonable nexus between the condition in controversy and the examination sought. Third, the movant must show it is not possible to obtain the information through less intrusive means. *In re Transwestern Publishing Company*, 96 S.W. 3d 501, 505 (Tex.App. – Fort Worth 2002, orig. proceeding).

B.  <u>Lessor intrusive means requirement has been satisfied.</u>

On the requirement of good cause, Gonzalez only raises an issue with the third requirement; that the movant show it is not possible to obtain the information through less intrusive means. Gonzalez suggests that the Real Parties in Interest have not met this requirement because they have not deposed Dr. Betancourt who performed Gonzalez' surgery, have not deposed any of Gonzalez' treating doctors, and have not conducted post-surgery discovery. Gonzalez' position is disingenuous; first, Dr. Betancourt was not disclosed by Gonzalez until after the Real Parties in Interest filed the renewed motion. (MR 43, 54, 57; RR 13). As such, there was no opportunity to depose Dr. Betancourt prior to the surgery or prior to filing the motion. Second, Real Parties in Interest would have no need to depose Gonzalez' other treating providers, as the real issue at hand is the condition of Gonzalez' cervical spine and whether he would benefit from cervical disc surgery. Prior to Gonzalez' surgery, the only doctor known to Real Parties in Interest who extensively treated Gonzalez, and recommended cervical disc surgery, was Dr. Zavala whom Real Parties in Interest deposed on February 23, 2015. (MR 58). Third, Gonzalez suggests that Real Parties in Interest conduct post-surgery discovery, however, Gonzalez chose not to disclose his surgery or the identity of Dr. Betancourt until weeks after Real Parties in Interest filed the renewed motion. More importantly, it has been two months since Gonzalez' surgery and he still has not produced the records from Dr. Betancourt and

Cornerstone Regional Hospital in connection with the surgery. (MR 54). As such, Gonzalez' suggestion of post surgery discovery is clearly not a viable option given the delay and lack of information provided by Gonzalez related following the surgery.

Dr. Meadows has clearly indicated that he has reviewed Gonzalez MRI films, Dr. Zavala's surgical recommendation and the surveillance video. In addition, he notes that Gonzalez' EMG and nerve conduction studies demonstrated no neural pathology related to the cervical spine and that it has been documented that Gonzalez has a significant component of symptom magnification. Finally, he states that it is highly unlikely that Gonzalez will have a positive outcome from surgery. (MR 81-82).

The protocol suggested by Dr. Meadows includes reviewing all pertinent documents, x-rays and imaging, obtaining a history from Gonzalez, having Gonzalez fill out a history form and pain diagram, performing a physical exam of the involved anatomical areas, including a neurological exam, and discerning clinical impressions. (MR 83). Given this protocol, the medical examination is critical, as no lesser intrusive means will provide the necessary information. Where the intended examination is not intrusive, invasive or unnecessarily physically uncomfortable, parties are permitted to explore matters not covered by the opposing party's examinations, make their own observations, and attempt to

discover facts that may contradict the opinions of the opposing parties expert witnesses. *Exxon Corp. V. Starr*, 790 S.W.2d 883, 887 (Tex. App. – Tyler 1990, orig. proceeding); *Sherwood Lane Assocs. v. O'Neil*, 782 S.W.2d 942, 945 (Tex. App. – Houston [1st Dist.] 1990, no writ. In many cases the treating physician's notes, the medical records of the complaining party, and expert witness reports filed by other parties cannot serve these legitimate purposes. In addition, where the information already available through less intrusive means is inadequate, a party may obtain a physical examination for which good cause is otherwise shown. *In Re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 870 (Tex.App. – Dallas 2014, orig. proceeding). Moreover, consideration of the interest of justice and the right of the parties to a fair trial requires that when a party asserts a physical or mental condition as part of a claim or defense, a trial court must be careful not to prevent the development of medical testimony that would allow the opposing party to fully investigate the condition the party has placed in issue. *In Re Ten Hagen Excavating, Inc.*, at 867.

**III.  Respondent did not abuse her discretion by ordering the medical examination given that Gonzalez' providers are at odds with each other regarding the surgery allegedly required.**

    A.   <u>The exam is necessary to draw a clear picture of Gonzalez' spine.</u>

Gonzalez argues that the requested medical examination is moot since he has undergone surgery. The surgery, however, was not performed by Dr. Zavala who

has been caring for Gonzalez for his alleged injury; but rather Dr. Betancourt, who does not appear to have seen Gonzalez until June or July of 2015; over two years after the accident. (MR 43, 54, 57; RR 13). Moreover, while Dr. Zavala noted in his records that Gonzalez needed a four level cervical disc surgery, and further testified under oath as to this procedure, Dr. Betancourt inexplicably performed a one level surgery. (RR 9; MR 54, 71-72, 82). Given the great discrepancy between the recommended surgical procedure and the ultimate procedure performed, the lack of information regarding the current condition of Gonzalez' remaining cervical discs, the lack of records regarding the surgery, and the fact that Zavala's recommendation for the four disc surgery is still pending; the requested medical examination is relevant and necessary, as it will allow Dr. Meadows to obtain a clear picture of Gonzalez' spine and ensure that the Real Parties in Interest will have a fair trial.

Gonzalez argues that because Dr. Meadows has made some conclusions, the medical examination is not necessary. Gonzalez, however, fails to consider that Dr. Zavala made a conclusion that Gonzalez needed a four disc surgery, while Dr. Betancourt disagreed and concluded that Gonzalez only needed a one level surgery. Perhaps Dr. Meadows is correct in concluding that Gonzalez did not need any surgery. To the extent that a medical examination can provide the additional information requested by Dr. Meadows and provide a current picture of Gonzalez'

cervical spine, the examination is not moot, but rather relevant and necessary to ensure a fair trial for Real Parties in Interest.

## CONCLUSION

As the record demonstrates, Real Parties in Interest have exhausted lesser intrusive means to obtain the necessary information sought, but cannot obtain such information without the requested medical examination. As Respondent determined following the hearing on the Renewed Motion for Medical Examination, Real Parties in Interest have shown good cause for the examination. In addition, not withstanding Gonzalez' one level surgery, Real Parties in Interest have shown that the requested medical examination is relevant given the great discrepancy between the recommended four disc surgery and the one disc surgery, and more importantly, to provide a clear picture of the condition of Gonzalez'

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Real Parties in Interest, Premier and Casillas, respectfully request that this Court deny Relator's Petition for Writ of Mandamus and vacate its order granting the request for emergency relief and staying the medical examination. Premier and Casillas pray for such other and further relief to which they may be justly entitled, at law and in equity.

Respectfully submitted,

/s/ Stephen D. Navarro
David L. Ortega
State Bar No. 00791377
Direct Phone: 210-731-6353
Direct Facsimile: 210-731-2953
Email: dortega@namanhowell.com
Stephen D. Navarro
State Bar No. 00792712
Direct Phone: 210-731-6351
Direct Facsimile: 210-731-2951
Email: snavarro@namanhowell.com
Naman Howell Smith & Lee, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216

**ATTORNEYS FOR REAL PARTIES
IN INTEREST, ABEL ALVARADO
CASILLAS AND PREMIER EAGLE
FORD SERVICES, INC.**


## TRAP 9.4(I)(3) CERTIFICATE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 2,061 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Stephen D. Navarro
Stephen D. Navarro

## TRAP 52.3(J) CERTIFICATE

I certify that I have reviewed the petition and have concluded that every factual statement made herein is supported by competent evidence included in the appendix and/or the record.

/s/ Stephen D. Navarro
Stephen D. Navarro

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on the following on this 14th day of September, 2015:

Hon. Monica Z. Notzon
Judge 111th Judicial District
1110 Victoria Street
Laredo, Texas 78040
*Respondent*

Jaime A. Gonzalez, Jr.
Hector L. Rodriguez
Catherine W. Smith
Gonzalez & Associates Law Firm, Ltd.
Summit Park North
817 E. Esperanza Ave.
McAllen, Texas 78501
*Attorneys for Relator*
David H. Jones
Law Office of David H. Jones
6521 North 10th St., Suite E-1
McAllen, Texas 78504
*Attorneys for Relator*

/s/ Stephen D. Navarro
Stephen D. Navarro