

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-20-00175-CV**

**IN RE CHRISTINA ESTABROOK**

**Original Proceeding**

**MEMORANDUM OPINION**

In this personal-injury action for negligence and medical battery, relator, Christina

Estabrook, has filed a petition for writ of mandamus asserting that the trial court abused

its discretion by ordering her to submit to a compulsory neuropsychological exam under

Texas Rule of Civil Procedure 204.1.  *See generally* TEX. R. CIV. P. 204.1.  We conditionally

grant Estabrook's mandamus petition, in part.

## I. BACKGROUND

In her live pleading, Estabrook alleges that William F. Price, M.D., performed a

medical procedure after she expressly said that she did not want the procedure done and

refused to sign a hospital consent form for the procedure.[1]  As a result of the procedure, Estabrook claims that she has sustained damages that cause her debilitating pain.  She further alleges damages for loss of earnings, household services, fringe benefits, permanent physical impairment, loss of enjoyment of life, disfigurement, future medical and hospital care, and "great physical pain and mental anguish in the past, and in all reasonable medical probability, will continue to suffer, on a permanent basis, great physical pain and mental anguish in the future . . . ."

Thereafter, real parties in interest, Dr. Price and Scott & White Hospital-College Station d/b/a Baylor Scott & White Medical Center-College Station, filed a motion to compel a neuropsychological examination of Estabrook under Texas Rule of Civil Procedure 204.1.  *See id.*  Estabrook objected to the motion, and the trial court conducted a hearing on the matter.  On June 1, 2020, the trial court signed an order granting the motion filed by real parties in interest, thus requiring Estabrook to submit to a neuropsychological exam within thirty days of the order.

Thereafter, Estabrook filed her mandamus petition in this Court, as well as a request to stay the trial court's June 1, 2020 order.  We granted Estabrook's motion to stay the trial court's June 1, 2020 order.

---

[1] At the time of the medical procedure, Dr. Price was employed by co-defendant, Scott & White Hospital-College Station d/b/a Baylor Scott & White Medical Center-College Station.  Moreover, the complained-of procedure was conducted at the Baylor Scott & White Medical Center in College Station.

## II.     STANDARD OF REVIEW

Mandamus is an extraordinary remedy, available only when the relator can show both that: (1) the trial court clearly abused its discretion or violated a duty imposed by law; and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *see Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion when it fails to analyze or apply the law correctly to the facts. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).

In determining whether an appeal is adequate, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 313 (Tex. 2020) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). Mandamus "may be essential to preserve

important substantive and procedural rights from impairment or loss, [and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Generally, the scope of discovery is within the discretion of the trial court. *In re Valero Refining-Tex., L.P.*, 415 S.W.3d 567, 569-70 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (citations omitted). Moreover, an order regarding a physical or mental examination under Texas Rule of Civil Procedure 204 may be subject to review by mandamus. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (noting that mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal); *see also In re Soc'y of Our Lady of the Most Holy Trinity*, No. 13-19-00064-CV, 2019 Tex. App. LEXIS 6269, at *16 (Tex. App.—Corpus Christi July 23, 2019, orig. proceeding) (stating that mandamus review is available for orders involving a physical or mental examination under Texas Rule of Civil Procedure 204). The Texas Supreme Court has concluded that mandamus is appropriate to correct the denial of an examination where the defense of the case "hinge[d] in large part on challenges to the nature, extent, and cause" of the plaintiff's injuries, those issues depended significantly on competing expert testimony and the defense's expert required "the same opportunity" as the plaintiff's expert "to fully develop and present his opinion, ensuring a fair trial." *In re H.E.B. Grocery Co.*, 492

S.W.3d at 304-05; *see In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 863 (Tex. App.—Dallas 2014, orig. proceeding). Additionally, rulings regarding Rule 204 examinations may be reviewed by mandamus when they violate the "fundamental fairness" doctrine or the "fair trial" standard. *See, e.g., In re Advanced Powder Sols., Inc.*, 496 S.W.3d 838, 851 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 870.

## III. ANALYSIS

In arguing that the trial court abused its discretion by ordering her to submit to a neuropsychological examination under Rule 204.1, Estabrook contends that: (1) good cause for a mental condition does not exist because it is not supported by any expert or medical testimony, is unrelated to the conditions alleged to have put her mental condition in controversy, and because it could be proved up by less intrusive means; (2) she did not put her mental condition in controversy; and (3) the trial court failed to put any restrictions on the scope of the neuropsychological examination.

Medical and mental exams are regulated under Texas Rule of Civil Procedure 204. *See* TEX. R. CIV. P. 204.1-.5. Under Rule 204.1, a party may, no later than thirty days before the end of the applicable discovery period, move for an order compelling another party to submit to a physical or mental examination by a qualified physician or psychologist. *See id.* at R. 204.1(a)(1). The party seeking the examination must show both (1) good cause, and (2) that the mental or physical condition of a party is in controversy or the party

responding to the motion has designated a psychologist as a testifying expert or has disclosed a psychologist's records for possible use at trial. *See id.* at R. 204.1(c)(1); *In re H.E.B. Grocery Co.*, 492 S.W.3d at 303; *Coates v. Whittington*, 758 S.W.2d 749, 752 (Tex. 1988) (orig. proceeding). These requirements are not satisfied by "conclusory allegations" in the movant's pleadings or by "mere relevance to the case." *Coates*, 758 S.W.2d at 751; *see In re H.E.B. Grocery Co.*, 492 S.W.3d at 303; *In re Transwestern Publ'g Realtors Co. L.L.C.*, 96 S.W.3d 501, 505 (Tex. App.—Fort Worth 2002, orig. proceeding).

In meeting the "in controversy" prong, the *Coates* court stated that "[a] routine allegation of mental anguish or emotional distress does not place the party's mental condition in controversy. The plaintiff must assert mental injury that exceeds the common emotional reaction to an injury or loss." 758 S.W.2d at 753. Further, "sweeping examinations of a party who has not affirmatively put his mental condition in issue may not be routinely ordered simply because the party brings a personal injury action." *Id.* at 751 (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 121, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964)). A mental injury that warrants a psychological evaluation is distinguishable from emotional distress that accompanies a personal-injury action. *Id.*

As noted above, Estabrook asserted that she "has suffered great physical pain and mental anguish in the past, and in all reasonable medical probability, will continue to suffer, on a permanent basis, great physical pain and mental anguish in the future" as a result of the injuries sustained due to the alleged negligence of the real parties in interest.

Additionally, in the factual part of her live pleading, Estabrook refers to the testimony of Tristi Muir, M.D., who noted that Estabrook "has undergone various treatments for pain, including physical therapy, psychological therapy, botox injections[,] and nerve blocks. Dr. Muir has opined to a reasonable degree of medical certainty that Mrs. Estabrook will continue to need the same or similar treatments in the future to control her pain." Moreover, in her deposition testimony, Estabrook described feelings of embarrassment and self-consciousness as a result of the injuries, which also included an admission that she is being treated for depression and PTSD. We believe that Estabrook's allegations, coupled with the evidence contained in the record, sufficiently puts Estabrook's mental condition "in controversy." *See* TEX. R. CIV. P. 204.1(c)(1); *see also In re H.E.B. Grocery Co.*, 492 S.W.3d at 303; *Coates*, 758 S.W.2d at 753. As such, we cannot say that the trial court abused its discretion by concluding that Estabrook's mental condition is "in controversy" in this matter. *See* TEX. R. CIV. P. 204.1(c)(1); *see also In re H.E.B. Grocery Co.*, 492 S.W.3d at 303; *Coates*, 758 S.W.2d at 753; *In re Valero Refining-Tex., L.P.*, 415 S.W.3d at 569-70.

However, despite the foregoing, we find that the scope of the trial court's order regarding the neuropsychological exam is too broad. Specifically, the trial court's order provides the following:

> It is, therefore, ORDERED that Plaintiff Christina Estabrook shall submit to a neuropsychological examination to be performed by Corwin Boake, PhD. within thirty (30) days of the execution of this Order. The examination will be conducted on one or two days, depending on the scheduling and clinical complexity, at the offices of Dr. Boake located in Houston, Texas. The

examination will be conducted without the presence of counsel of any party.

It is further ORDERED that Dr. Boake's neuropsychological examination address the existence, extent, cause, duration and severity of Christina Estabrook's psychological condition and function as it relates to Mrs. Estabrook's injuries, symptoms, diagnoses, impairments, and necessity of past and future medical treatment. The neuropsychological examination will consist of an interview and administration of tests which are standardized and interpreted following standard procedures. The tests will measure the following domains: sensation, movement, language, memory, psychomotor speed, visual perception, intelligence, executive function, validity, and mental health. A report will be prepared listing all tests administered, test scores, and interpretations.

Nowhere in the order did the trial court limit the examination to the mental conditions Estabrook put in controversy—depression and PTSD.

Texas Rule of Civil Procedure 204.1(d) requires the trial court to specify the time, place, manner, conditions, and scope of the mental examination. *See* TEX. R. CIV. P. 204.1(d). Texas courts have held that the failure to place any limitations on the scope of the mental examination, especially to the mental conditions specifically in controversy in the matter, constitutes an abuse of discretion. *See In re Offshore Marine Contractors, Inc.*, 496 S.W.3d 796, 803 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("While the trial court abused its discretion in not permitting any interview or testing by Yohman, it does not necessarily follow that OMC is allowed the full panoply of tests it seeks. The trial court retains discretion to place reasonable limits on Yohman's interview and tests. . . . The length of Yohman's interview and the quantity and duration of neuropsychological tests to be administered are matters for the trial court's discretion,

which must be exercised by considering the fair-trial standard." (citations omitted)); *see also In re Reyes*, No. 02-20-00071-CV, 2020 Tex. App. LEXIS 2298, at **3-4 (Tex. App.—Fort Worth Mar. 19, 2020, orig. proceeding) (mem. op.) ("Here, on its face, Respondent's order does not set out the place, manner, conditions, or scope of the examination, or by whom it is to be made. . . . Because the order demonstrates a clear failure to comply with Rule 204.1's requirements, we sustain the relevant portions of Reyes's four issues and conditionally grant partial relief so that Respondent may tailor the order to comply with Rule 204.1's requirements, thereby limiting the order to that which fairness requires." (internal citations omitted)); *In re Sharaf*, 2018 Tex. App. LEXIS 9027, at **7-8 (Tex. App.—Austin Nov. 5, 2018, orig. proceeding) (mem. op.) (concluding that the trial court abused its discretion because the order did not "limit the scope of the mental examination to the identified testing or interview or place other parameters on the examination, such as limiting the testing to standardized testing or placing a limitation on the duration of the testing and interview"); *cf. In re Trimac Transp. Inc.*, No. 09-08-270-CV, 2008 Tex. App. LEXIS 5329, at **3-4 (Tex. App.—Beaumont July 17, 2008, orig. proceeding) (mem. op.) ("The trial court may place reasonable conditions on the manner and scope of the examination. . . . However, a trial court may not prevent the development of medical testimony that would allow the defendant to fully investigate the conditions that the plaintiff has placed in issue.").

Because the trial court's order did not limit the neuropsychological examination to the mental conditions in controversy—Estabrook's depression and PTSD, we conclude that the trial court abused its discretion to the extent that it ordered the mental examination without proper limitations, as fairness requires. We further conclude that an appeal of the trial court's order after trial would not provide an adequate remedy, as the examination under the current overly-broad order would violate Estabrook's privacy rights. *See, e.g., Paxton v. City of Dallas*, 509 S.W.3d 247, 261 (Tex. 2017) ("Once information has been disclosed, loss of confidentiality is irreversible. The bell cannot be unrung, and neither dissemination nor use can be effectively restrained."). Accordingly, we sustain Estabrook's sole issue, in part.

## IV. CONCLUSION

Based on the foregoing, we grant Estabrook's mandamus petition, in part, so that Respondent may tailor the order to comply with Rule 204.1's requirements, thereby limiting the order to that which fairness requires. We are confident respondent will modify the order in accordance with the opinion and will instruct our clerk to issue the writ only if Respondent fails to do so within twenty-one days after the date of this opinion. All other relief is denied.

JOHN E. NEILL
Justice

Before Chief Justice Gray
    Justice Davis, and
    Justice Neill
Conditionally granted, in part
Opinion delivered and filed October 21, 2020
[OT06]

